54 N.J. Super. 528 (1959)
149 A.2d 630
IN THE MATTER OF THE APPLICATION OF MATTHEW KRONYAK FOR A WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Appellate Division.
Submitted March 2, 1959.
Decided March 19, 1959.
*529 Before Judges PRICE, SCHETTINO and GAULKIN.
Matthew Kronyak, petitioner, submitted pro se.
Mr. John G. Thevos, Passaic County Prosecutor submitted the cause for the State of New Jersey; Mr. Edward J. Wolak, Legal Assistant, of counsel.
PER CURIAM.
Appeal is from the denial by the Superior Court, Law Division of a writ of habeas corpus.
Petitioner Kronyak, Charles Wille, Jr. and Richard Ascoli, were indicted in 1954 for armed robbery (N.J.S. 2A:141-1) and for conspiracy (N.J.S. 2A:98-1). On arraignment, all three pleaded not guilty and trial was set for September 20, 1954. On that date, petitioner and Ascoli changed their *530 pleas to non vult to armed robbery, and Wille changed his plea to non vult to the conspiracy charge. Petitioner and Ascoli were sentenced on October 8, 1954 to a term of not less than seven and not more than ten years for armed robbery. Wille was sentenced on the conspiracy charge.
Petitioner and Ascoli on July 10, 1954 had given signed statements to the City of Clifton police implicating all three of them. After their commitment to State Prison defendant and Ascoli recanted, and signed an affidavit dated November 23, 1954 stating that Wille had not joined in the conspiracy and had not participated in the crime. Armed with this affidavit, Wille applied for and was granted a writ of habeas corpus. Hearings on the return of the writ were held in March, 1955. At these hearings petitioner and Ascoli testified that Wille had had nothing to do with the conspiracy or the robbery. Wille testified to the same effect. The County Court, after hearing the contrary testimony of the Clifton police officers, a disinterested minister, and the three attorneys who had originally represented the three prisoners, disbelieved petitioner and his two friends and discharged the writ.
On April 15, 1955 the three men were again brought before the county judge who had heard the application for habeas corpus. There they were told for the first time that they were guilty of criminal contempt because they had testified falsely in the habeas corpus hearings. Only Wille was there represented by counsel, appointed by the court, but even this counsel was unaware of the contempt charge before coming into court. Counsel asked for an adjournment to meet the charge but his request was denied. Petitioner was then summarily sentenced for criminal contempt "in that he did willfully commit perjury by giving false testimony under oath." He was given a term of one to one and a half years which was to begin after his prior sentence had been served.
On January 24, 1958 petitioner made application to the Superior Court, Law Division, for a writ of habeas corpus pursuant to R.R. 1:12-9(c), to review the judgment of conviction of contempt. As the alleged defects in the *531 contempt proceeding are jurisdictional if proved, it is no bar to the issuance of the writ that petitioner did not avail himself of his statutory right to appeal. N.J.S. 2A:10-3; cf. In re Caruso, 10 N.J. 184, 190 (1952).
On July 24, 1958 the Superior Court entered an order denying petitioner's application for the writ, saying:
"1. That the contemptuous acts were such that they were intertwined with the hearing of testimony on the application of Charles Wille for a writ of habeas corpus and the prosecution of the contempt against the defendant herein was presented in the aforementioned application of Charles Wille, and no notice was required inasmuch as the Judge of the Passaic County Court was authorized to dispose of the matter summarily. State v. Zara[f]u, 35 N.J. Super. 177 (App. Div. 1955), 182.
2. That the Passaic County Court had jurisdiction to adjudicate the defendant guilty of contempt and impose the sentence imposed. N.J.S. 2A:10-1.
3. That the Passaic County Court complied with the requirements of Rule 3:8-1.
4. That the aforesaid conviction and judgment of the Passaic County Court was reviewable, both upon the law and the facts by Appellate Division of the Superior Court of New Jersey (N.J.S. 2A:10-3) and
It is Further Ordered and Adjudged that no hearing on the application of the defendant herein is afforded on the matters alleged in the petition herein for the reason that on the face thereof, he is not entitled to the writ (In re Caruso, 10 N.J. 184 (1952), at page 190; and for the further reason that review of the conviction and judgment was available to the defendant by an appeal to the Appellate Division of the Superior Court (N.J.S. 2A:10-3; In re Caruso, supra)."
On this appeal petitioner seeks to reverse the denial of the writ by the Superior Court and also to vacate the conviction for contempt and the sentence imposed by the County Court on the grounds that (a) petitioner was entitled to a trial on the charge of contempt, (b) petitioner was entitled to notice prior to being charged with or sentenced on the charge, and (c) petitioner was entitled to indictment and trial by jury on the alleged perjury or false swearing which was the basis of the charge of contempt.
The State's brief is unusual in that it says that the State "finds itself in the singular position of agreement with the *532 basic contentions of * * * appellant. * * * The zeal of the prosecutor in the protection of society against criminality is tempered by his ethical duty to see that justice is done. The position of the State in this instant proceeding is that the defendant may have been deprived of procedural rights, in summarily being judged and sentenced for contempt of court." We commend the attorneys for the State for this attitude.
The State concedes that:
"(a) Kronyak did not receive notice or a hearing before being adjudged in contempt of court.
(b) Kronyak was not allowed to speak on his own behalf prior to the imposition of the sentence for contempt of court.
(c) Kronyak was not represented by counsel either during the hearings or while being sentenced for contempt of court."
The State concludes that the writ should have been granted on the authority, inter alia, of Jablonowski v. State, 29 N.J. Super. 109 (App. Div. 1953), and State v. Illario, 10 N.J. Super. 475 (App. Div. 1950). We go further and hold that the conviction and sentence should have been summarily vacated. The judgment for contempt is set aside.
It was suggested to this court that it was now too late to prosecute the petitioner for perjury or false swearing. This belief is not correct in view of N.J.S. 2A:159-2 which provides in effect that an indictment for such crimes must be "found within five years from the time of committing the offense * * *." Petitioner's affidavit of November 23, 1954 and his March 1955 testimony in court recanting the statement given to the Clifton police are well within the five-year period.