706 A.2d 795

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT/CROSS–APPELLANT, v. JAMES WILLIAMS, DEFENDANT–APPELLANT/CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 19, 1998—Decided March 9, 1998.

118

Before Judges SHEBELL, D'ANNUNZIO and A.A. RODRIGUEZ.

*James Williams*, appellant/cross-respondent *pro se.*

*William H. Schmidt*, Bergen County Prosecutor, attorney for respondent/cross-appellant (*Annmarie Cozzi*, Assistant Prosecutor, of counsel, and on the letter-brief).

The opinion of the court was delivered by

SHEBELL, P.J.A.D.

Defendant, James Williams, appeals the denial of his third petition for post-conviction relief. The State cross-appeals. We affirm.

Williams and a co-defendant were indicted on the following charges: Count 1) armed robbery (*N.J.S.A.* 2C:15–1); Count 2) possession of weapon for unlawful purposes (*N.J.S.A.* 2C:39–4a); Count 3) possession of a prohibited weapon (a sawed-off shotgun) (*N.J.S.A.* 2C:39–3b); and Count 4) possession of a weapon without the requisite permit (*N.J.S.A.* 2C:39–5b). Tried to a jury, Williams was found guilty of all four counts on December 19, 1986. The State moved to have him sentenced to an extended term. On July 31, 1987, Williams was sentenced to an aggregate term of 50 years with a 25–year parole disqualifier. On October 9, 1987, the sentencing judge denied Williams' motion for reconsideration. We upheld the conviction and our Supreme Court denied certification.

Williams' first post-conviction relief petition was denied on January 25, 1991. A second post-conviction relief petition was denied on April 2, 1991. A motion for rehearing was made based on documents concerning Williams' prior convictions and was denied on July 5, 1991. On January 8, 1993, we affirmed the denials of post-conviction relief.

On January 3, 1994, Williams filed his third petition for post-conviction relief claiming that he was not represented by counsel when a prior conviction was obtained against him in Canada. On April 5, 1995, the judge denied Williams'. petition. *See State v. Williams,* 284 *N.J.Super.* 142, 663 *A.*2d 1378 (Law Div.1995).

In March 1996, we granted Williams' motion to proceed as an indigent and to file his appeal *nunc pro tunc.* However, we denied his motion for assignment of counsel and the Supreme Court denied his petition for certification.

■ We first consider the State's sole contention in its cross-appeal that the judge erred by not barring Williams' claims under *R.* 3:22–4, *R.* 3:22–5, and *R.* 3:22–12. The State maintains that we addressed the constitutionality of Williams' Canadian conviction in his direct appeal and the appeal from the first denial of post-conviction relief. We conclude that the Law Division judge, on Williams' third petition for post-conviction relief, properly re-examined the issue when the Canadian trial transcripts were made available for the first time.

Rule 3:22–4 reads, in part:

> Any ground for relief not raised in a prior proceeding under this rule, or in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds . . . (b) that enforcement of the bar would result in fundamental injustice.

The judge correctly concluded that "fundamental injustice" would result if the newly attained transcripts were not considered. In order to litigate Williams' contention with finality, the court needed to examine the exchange that occurred in the Canadian courtroom in 1970. The same reasoning applies to the bar of *R.* 3:22–5. Moreover, in Williams' initial appeal to this court, the argument that he lacked counsel does not appear to have been clearly raised.

■ Rule 3:22–12 states that

> A petition to correct an illegal sentence may be filed at any time. No other petition shall be filed pursuant to this rule more than 5 years after rendition of the

judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.

The five-year time bar seeks to resolve litigation swiftly and definitively. However, relaxation of the five-year rule is allowed under "exceptional circumstances." *See State v. Mitchell,* 126 *N.J.* 565, 580, 601 *A.*2d 198 (1992). Accordingly, a court should consider the reasons for the delay and balance the State's and the defendant's interest. *Id.*

Here, the judge found that Williams demonstrated excusable neglect because although he had told his attorneys that he was not represented in his Canadian conviction, the transcripts were not requested until 1994. During Williams' second post-conviction relief petition in July 1991, he had raised the uncounselled Canadian conviction argument. Thus, he raised it within the five-year time bar, but his attorneys did not request and receive the Canadian transcripts until 1994. Because Williams was unable to secure the appropriate evidence regarding that conviction before the five-year bar passed, his petition was properly permitted.

■ Turning next to Williams' contentions on appeal, we first consider whether the judge improperly denied Williams' petition for post-conviction relief in that his 1970 conviction in Canada was improperly used to impose an extended term. Williams argues that *N.J.S.A.* 2C:44–3 & 44–4 do not allow for a conviction from a foreign country to support the imposition of an extended term. He also claims that he was not represented by counsel at his Canadian conviction, and did not waive his right to counsel. We reject these arguments.

*N.J.S.A.* 2C:44–3 sets forth the criteria for the imposition of an extended term sentence. The statute provides that the prosecutor may apply for an extended term when:

a. The defendant has been convicted of a crime of the first, second or third degree and is a persistent offender. A persistent offender is a person who at the time of the commission of the crime is 21 years of age or over, who has been previously convicted on at least two occasions of two crimes, committed at different times, when he was at least 18 years of age, if the latest in time of these crimes or the

> date of the defendant's last release from confinement, whichever is later, is within 10 years of the date of the crime for which the defendant is being sentenced.
>
> [*N.J.S.A.* 2C:44–3a.]

*N.J.S.A.* 2C:44–4c entitled "Prior conviction in another jurisdiction," provides:

> A conviction in *another jurisdiction* shall constitute a prior conviction of a crime if a sentence of imprisonment in excess of 6 months was authorized under the law of the other jurisdiction.
>
> [*N.J.S.A.* 2C:44–4c (emphasis added).]

Williams contends that the sentencing judge improperly used a conviction from a foreign country to impose an extended sentence, contending that convictions outside the United States are not included within the statute's reference to "another jurisdiction."

The Law Division judge addressed the issue by reviewing the sentencing guidelines of other states to determine if foreign convictions could be used to support an extended term. *State v. Williams,* 284 *N.J.Super.* 142, 156, 663 *A.*2d 1378 (Law Div.1995). New Jersey and twenty-one other states have statutes that do not expressly authorize or exclude foreign convictions when sentencing a repeat offender; eight states explicitly authorize the use of a conviction from a foreign country; and twenty states implicitly exclude their use. *Id.* Federal Sentencing Guidelines permit the use of a conviction outside the United States to support an upward departure from the guidelines. *U.S. Sentencing Guidelines Manual,* § 4A1.2(h), § 4A1.3(a) (1995). New York, a jurisdiction that neither expressly allows nor disallows the use of a conviction from a foreign country under its sentencing statute, permits the inclusion of a foreign conviction for sentencing enhancement. *See People v. LeGrand,* 81 *A.D.*2d 945, 439 *N.Y.S.*2d 695 (1981).

We hold that, absent a showing of fundamental unfairness surrounding the prior foreign conviction, its use is presumed to be appropriate where the conviction occurs in a jurisdiction that has a judicial system that affords protections similar to our own. The judge found that the Canadian system offers the accused a trial where he is represented by counsel, and if convicted, has the opportunity to appeal. There is no indication that the Canadian

system affords less than adequate protection of an individual's right to a fair trial of the charges.

Other jurisdictions have assessed foreign convictions under a "fundamental fairness" standard. *See e.g., United States v. Moskovits,* 784 *F.Supp.* 183 (E.D.Pa.1991). This test asks whether the foreign system is so fundamentally unfair as to render the conviction inadmissible. *Williams, supra,* 284 *N.J.Super.* at 161, 663 *A.*2d 1378 (citing *United States v. Wilson,* 556 *F.*2d 1177, 1178 (4th Cir.), *cert. denied,* 434 *U.S.* 986, 98 *S.Ct.* 614, 54 *L.Ed.*2d 481 (1977)). One of the criteria examined under the fundamental unfairness test is whether the defendant was represented by counsel.

The post-conviction relief judge found that Williams retained counsel in Canada, but that he dismissed his attorney during the trial. This finding is supported by the record. When Williams was arrested in Canada, he asked whether he would receive his "American Constitutional Rights," have the opportunity to consult with an attorney, and be read his rights. Williams was already well versed as to his basic rights, having a criminal record in this country dating back to 1963. In *State v. Crisafi,* 128 *N.J.* 499, 513, 608 *A.*2d 317 (1992), our Supreme Court held that "if the record indicates that the defendant actually understood the risks of proceeding *pro se,* a waiver may suffice." Crisafi was held to have made a valid waiver where he understood the consequences of conviction, the nature of the charges against him, and the hazards of proceeding without counsel. *Id.*

Here, the judge made the factual determination that Williams validly waived his right to counsel in Canada when he dismissed his attorney midway through the proceedings. The judge conducted an extensive review of the record of that proceeding and concluded that Williams was unhappy with the evidence mounting against him. The judge's finding that Williams showed that he understood the proceedings and his rights is beyond attack. It is clear that Williams validly waived his right to counsel during the Canadian proceeding.

■ Williams argues that the use of his prior convictions to impose an extended term violates the *ex post facto* clause of Article I, § 10 of the United States Constitution because the convictions predate the adoption of the Code of Criminal Justice. Williams is barred from raising the issue here because he did not raise it below. *R.* 1:7–2. In any event, this contention has no merit, as the punishment is for a new offense, not the earlier one. *R.* 2:11–3(e)(2); *In re Caruso,* 10 *N.J.* 184, 189–90, 89 *A.2d* 661 (1952); *Gryger v. Burke,* 334 *U.S.* 728, 732, 68 *S.Ct.* 1256, 1258, 92 *L.Ed.* 1683, 1687 (1948).

Williams improperly cites and relies on *John Doe v. Poritz,* 142 *N.J.* 1, 662 *A.2d* 367 (1995), to stand for the proposition that laws passed after the commission of a crime constitute additional punishment and are violative of the *ex post facto* clause. The precedent cited by Williams refers to laws passed after the commission of the crime on which a defendant is sentenced. This is not the case here. *N.J.S.A.* 2C:44–3 was passed before December 1985 when Williams committed the armed robbery from which he appeals the extended term sentence. The extended term was properly imposed.

■ Williams raises, also for the first time on appeal, an ineffective assistance of counsel claim. He urges that the failure of his attorneys to investigate his prior convictions rises to the level of ineffective assistance because an investigation would have revealed that he was not represented by counsel at his prior proceedings. In view of our present rulings, even if the issue had been raised at an earlier time, the outcome would not have been altered. *See Strickland v. Washington,* 466 *U.S.* 668, 687, 104 *S.Ct.* 2052, 2064, 80 *L.Ed.2d* 674, 693 (1984) (setting forth a two-part test to determine whether counsel's assistance was so defective as to require reversal: "First, the defendant must show that counsel's performance was deficient ... Second, the defendant must show that the deficient performance prejudiced the defense."); *State v.*

*Fritz,* 105 *N.J.* 42, 519 *A.*2d 336 (1987) (adopting the *Strickland* test).

Affirmed as to defendant's appeal and the State's cross-appeal.