

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-1999

# Jones v Morton

Precedential or Non-Precedential:

Docket 98-5230

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

## Recommended Citation

"Jones v Morton" (1999). *1999 Decisions.* Paper 291.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/291

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 25, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-5230

RONALD JONES,
      Appellant

v.

WILLIS MORTON, WARDEN OF TRENTON STATE PRISON;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 97-cv-05606
(Honorable Joseph H. Rodriguez)

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 1999

Before: SCIRICA and STAPLETON, Circuit Judges,
and GREEN, District Judge*

(Filed October 25, 1999)

STEVEN A. FELDMAN, ESQUIRE
Feldman & Feldman
1800 Northern Boulevard, Suite 206
Roslyn, New York 11576

 Attorney for Appellant

_____

* The Honorable Clifford Scott Green, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

          RICHARD J. GEIGER, ESQUIRE
          Office of County Counsel
          146 West Broad Street
          P.O. Box 440
          Bridgeton, New Jersey 08302

           Attorney for Appellee

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Ronald Jones appeals from the denial of his petition for
a writ of habeas corpus pursuant to 28 U.S.C. S 2254. The
District Court denied the petition on several grounds, and
we granted a certificate of appealability to consider whether
the petition was properly denied as time-barred under
AEDPA's one-year statute of limitations. We agree with the
District Court that the petition was time-barred, and
accordingly, we will affirm.

I.

A jury in Cumberland County, New Jersey, convicted
Jones of first-degree kidnaping, four counts offirst-degree
aggravated sexual assault, and possession of a weapon for
an unlawful purpose. On October 19, 1981, the trial court
sentenced Jones to an aggregate term of 55 years of
imprisonment with 25 years of parole ineligibility. Jones
was represented at trial and sentencing by privately
retained counsel.

Eight years after sentencing, Jones asked the Public
Defender's Office to file a motion with the Appellate Division
of the New Jersey Superior Court for leave to file a direct
appeal nunc pro tunc. Jones alleged that trial counsel had
ignored his request to file a timely notice of appeal. The
Appellate Division remanded the matter for the trial court
to make a factual determination as to whether Jones asked
counsel to file a notice of appeal within 45 days following
entry of the judgment of conviction, which is the time
prescribed for an appeal under New Jersey Court Rule 2:4-
1(a).

The trial court held hearings on the issue on September 6 and 19, 1990.1 Jones and his trial counsel testified on September 6. Jones's uncle, who apparently had retained Jones's trial counsel, testified on September 19. Counsel from the Public Defender's Office represented Jones at the hearings. Jones did not attend the hearing on September 19 due to the trial court's failure to issue a writ to secure his presence.

The trial court determined that Jones did not ask counsel to file a notice of appeal within 45 days of entry of the judgment. The Appellate Division reviewed the record, concluded that there was "an adequate basis to determine that [Jones] made no timely request to his attorney to file an appeal," and on November 1, 1990, denied leave to appeal nunc pro tunc. On April 30, 1992, the New Jersey Supreme Court denied Jones's petition for certification to review the issue.

On January 8, 1993, Jones filed a pro se habeas corpus petition pursuant to 28 U.S.C. S 2254. Although a copy of that petition is not part of the present record, there is no dispute that Jones raised five claims, and on January 24, 1994, the District Court dismissed the petition in its entirety without prejudice due to Jones's failure to exhaust available state court remedies under the New Jersey post-conviction review statute.

On March 28, 1995, Jones filed a second pro se S 2254 petition in which he raised three claims: (1) trial counsel's failure to file a timely direct appeal amounted to ineffective assistance of counsel in violation of the Sixth Amendment; (2) Jones's Fourteenth Amendment right to due process was violated when the state courts denied his request for leave to file a nunc pro tunc direct appeal; and (3) the state trial court violated Jones's Fourteenth Amendment right to due process when it failed to issue a writ for his appearance at the second day of the evidentiary hearing. On April 24, 1996, while Jones's petition was pending, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. On July 15, 1996, the District Court granted the State's motion

_____

1. Transcripts of the hearings are not part of the record before this Court.

3

to dismiss the petition, ruling that Jones raised "no federal claim cognizable in a habeas proceeding...." See Dist. Op., July 15, 1996, at 4. In the alternative, the District Court noted that Jones again failed to exhaust available state court remedies, and that his petition must be dismissed for that reason.

Jones timely appealed and applied for a certificate of appealability. On January 13, 1997, we entered a summary order denying the request for a certificate of appealability "for failure to exhaust state court remedies." See C.A. No. 96-5471. We denied Jones's timely petition for a panel rehearing on February 14, 1997.

Rather than present his claims to the state courts, Jones filed a third pro se S 2254 petition on November 3, 1997. He raised the same three claims that he had raised in the second petition. The State moved to dismiss the petition, arguing that: Jones had again failed to satisfy the exhaustion requirement; the petition was barred under AEDPA's one-year statute of limitations, see S 2244(d)(1); the petition was "second or successive" or an "abuse of the writ" and required certification from this Court before it could be filed in the District Court, seeS 2244(b); and the claims raised in the petition lacked merit.

On April 9, 1998, the District Court denied the petition with prejudice as "successive" because Jones had presented the same three claims in his previous petition, and the District Court had denied that petition on the merits. The District Court also ruled that the petition was barred under the statute of limitations, finding that, "even if it was appropriate to begin the limitation period from the July 15, 1996, denial of his second petition (which it is not), petitioner is time barred." Dist. Ct. Op. at 6. Assuming it could reach the merits, the District Court denied Jones's ineffective assistance of counsel claim in light of the state court's finding that Jones had not asked his attorney to file a timely notice of appeal. The District Court ruled that "petitioner's attorney's failure to file an appeal was not unreasonable given that petitioner did not make such a request. Furthermore, petitioner has not shown that his attorney's performance resulted in any prejudice-- he has not sufficiently shown that he would have had any success

4

on appeal of either his conviction or sentence." Id. at 7-8. The District Court also ruled that the state courts did not violate due process in denying Jones's request to appeal nunc pro tunc or in failing to issue a writ to secure his presence at the second day of the evidentiary hearing. The District Court denied a certificate of appealability, and this timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. S 2254(a). We have jurisdiction pursuant to 28 U.S.C. SS 1291, 2253. As noted, we granted a certificate of appealability limited to the issues of whether the District Court properly dismissed Jones's petition as time-barred under the statute of limitations, and whether Jones was entitled to any tolling of the limitations period pursuant to either 28 U.S.C. S 2244(d)(2) or the holding in Miller v. New Jersey State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998). Our review of the statute of limitations issue is plenary. See Algrant v. Evergreen Valley Nurseries Ltd. Partnership, 126 F.3d 178, 181 (3d Cir. 1997).2

_____

2. As to the issues on which a certificate of appealability was not granted, but which the State nevertheless pursues in its brief as grounds for affirmance, we note the following. Although the District Court denied Jones's second petition on the merits, we denied his request for a certificate of appealability solely on the ground that he failed to exhaust
state court remedies. Our disposition on exhaustion grounds was controlling. See generally Hohn v. United States , 524 U.S. 236, 246 (1998) (rejecting "the contention ... that a request to proceed before a court of appeals should be regarded as a threshold inquiry separate from the merits which, if denied, prevents the case from ever being in the court of appeals."). Because Jones's prior petitions were dismissed as unexhausted, the instant petition was not "second or successive" or an "abuse of the writ," and this Court's authorization to file the petition was
unnecessary. See Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997).

Jones's claims are unexhausted because he has yet to raise them in state court, and although almost 18 years have passed since he was sentenced, it cannot be said that state post-conviction review on the merits of his claims is now "clearly foreclosed." See Toulson v. Beyer, 987
F.2d 984, 987 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 139 (3d Cir. 1986); Santana v. Felton, 685 F.2d 71, 75 (3d Cir. 1982); see

5

III.

A state prisoner seeking habeas corpus relief pursuant to
28 U.S.C. S 2254 must comply with a statute of limitations
that provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review[.]
>
> . . .

_____

also State v. Afanador, 697 A.2d. 529, 534 (N.J. 1997); State v. Preciose,
609 A.2d 1280, 1285 (N.J. 1992); State v. Mitchell, 601 A.2d 198 (N.J.
1992); State v. Guzman, 712 A.2d 1233, 1238 (N.J. App. Div. 1998);
State v. Williams, 706 A.2d 795, 797 (N.J. App. Div. 1998); State v.
Moore, 641 A.2d 268 (N.J. App. Div. 1994).

Finally, while a habeas claim can be denied on the merits
notwithstanding nonexhaustion, see S 2254(b)(2), the State raised the
exhaustion defense in this case, and "[a] State shall not be deemed to
have waived the exhaustion requirement" unless it does so expressly.
See S 2254(b)(3). Furthermore, S 2254(b)(2) is properly invoked only when
" `it is perfectly clear that the applicant does not raise even a
colorable
federal claim.' " Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1998)
(quoting Granberry v. Greer, 481 U.S. 129, 135 (1987)). "[I]f a question
exists as to whether the petitioner has stated a colorable federal claim,
the district court may not consider the merits of the claim if the
petitioner has failed to exhaust state remedies...." Id. Although the
state
courts have ruled that Jones did not ask counsel tofile a timely notice
of appeal, that finding alone, which was made in the context of Jones's
request for a direct appeal nunc pro tunc, did not eviscerate Jones's
ineffective-assistance claim under the Sixth Amendment: the State has
cited no precedent of the United States Supreme Court, and we have
found none, holding that the failure to file a notice of appeal is
inconsistent with the Sixth Amendment only if counsel ignored a
defendant's specific request to file a notice of appeal. In addition,
while
Jones's due process claims were arguably meritless, he did not fail to
state "even a colorable federal claim," and because the due process
claims were likewise unexhausted, it was improper to reach the merits
of those claims. See id.

6

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. S 2244(d)(1)-(2).

Under S 2244(d)(1)(A), a state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); see also Morris v. Horn, ___ F.3d ___, No. 98-9008, 1999 WL 592440, at *2 n.1 (3d Cir. Aug. 9, 1999). Jones was sentenced on October 19, 1981. Under New Jersey law, he had 45 days to file a direct appeal. He failed to file an appeal within the time allowed. In 1989, Jones sought leave to file an appeal nunc pro tunc. The Appellate Division denied that request, and the New Jersey Supreme Court affirmed on April 30, 1992. It is clear that Jones's conviction became "final" prior to AEDPA's enactment on April 24, 1996.

In Burns v. Morton, 134 F.3d 109 (3d Cir. 1998), we concluded that "applying S 2244(d)(1) to bar the filing of a habeas petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive." Id. at 111. Accordingly, we held that "habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with S 2244(d)(1)'s time limit." Id. We also held that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Id. at 113. Thus, under Burns, Jones was required to deposit his petition in the prison mail system on or before April 23, 1997, to effect a timely filing.

Jones's petition was signed and dated August 19, 1997, and his memorandum of law in support of the petition was signed and dated September 15, 1997. The petition was stamped "filed" by the District Court Clerk's Office on November 3, 1997. Although the record does not reflect the actual date on which he handed the petition to prison

7

officials for mailing, it is clear that Jones mailed the petition after April 23, 1997, and Jones has not suggested otherwise. Thus, even if we assume that the earliest of the above dates, August 19, 1997, reflects the date of mailing, the petition was filed almost four months after the limitations period expired. As a result, the District Court properly granted the State's motion to dismiss unless Jones can establish a basis for tolling the limitations period. A petitioner can seek tolling in two ways: (i) statutory tolling under S 2244(d)(2), or (ii) equitable tolling.

(i) Statutory tolling

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."S 2244(d)(2). Jones contends, inter alia, that he is entitled to tolling under S 2244(d)(2) for the period following AEDPA's enactment during which his second habeas petition was pending in federal court. See Appellant's Br. at 17–18. On the date AEDPA was enacted (April 24, 1996), Jones's second petition was pending in the District Court. The District Court denied that petition on July 15, 1996, and Jones timely filed an appeal to this Court. Jones's request for a certificate of appealability was denied on January 13, 1997. Jones's timely petition for panel rehearing was denied on February 14, 1997. Thus, from the date of AEDPA's enactment on April 24, 1996, until February 14, 1997–– a period of almost 10 months–– Jones had the same claims that he raised in his third petition pending before a federal court in his second petition. If Jones were afforded tolling for that time, his third petition could be deemed timely filed.

Although Jones does not elaborate on this point in his brief, the validity of his tolling argument turns on how the language of S 2244(d)(2) should be interpreted. Specifically, the question is whether Congress used the word "State" in S 2244(d)(2) to modify the term "post-conviction" as well as the term "other collateral" so that tolling is afforded only for a properly filed application for state review, or whether, as Jones would argue, "State" modifies only "post-conviction,"

8

leaving the phrase "other collateral review" as a catch-all that is broad enough to permit tolling for the time that a properly filed application for federal habeas review is pending.

This issue appears to be one of first impression for our Court, but we see no need to dwell on it here, as we are persuaded by the analysis of the majority of Courts that have considered the issue that the statute of limitations is not tolled under S 2244(d)(2) for the time during which a habeas petition is pending in federal court. See Sperling v. White, 30 F. Supp.2d 1246, 1250 (C.D. Cal. 1998) ("A natural reading of the statute concludes that section 2244(d)(2) does not contemplate tolling limitations during the time a habeas petition is pending in federal court."); Kethley v. Berge, 14 F. Supp.2d 1077, 1079 (E.D. Wisc. 1998) (opining that there would be no tolling under S 2244(d)(2) for time that unexhausted claims in federal habeas petition were pending in District Court); Harrison v. Galaza, No. C98-3371, 1999 WL 58594, at *2 (N.D. Cal. Feb. 4, 1999) ("The running of the limitation period is not tolled, as petitioner contends, for the time period during which a properly filed application for post-conviction or other collateral review is pending in federal court."); Vincze v. Hickman, No. Civ. S-98-044, 1999 WL 68330, at *1 (E.D. Cal. Jan. 13, 1999) ("[T]he court concludes that the statutory tolling provision set forth in Section 2244(d)(2) does not toll the period during the pendency of petitioner's first federal habeas petition."); Babcock v. Duncan, No. C97-2740, 1997 WL 724450, at *2 (N.D. Cal. Nov. 12, 1997) ("No court has found that the running of the limitations period also is tolled . . . for the time period during which a properly filed [habeas corpus petition] is pending in federal court."); but see Barrett v. Yearwood, ___ F. Supp.2d. ___, No. Civ. S-98-2226, 1999 WL 676220, at *5 (E.D. Cal. Sept. 1, 1999) (holding that the "plain meaning" ofS 2244(d)(2) "is that the statute of limitations is tolled during the pendency of any properly filed federal habeas corpus petition").

As the District Court explained in Sperling v. White, Congress clearly intended that the word "State" would be read to modify both "post-conviction" and "other collateral," so that tolling would be afforded under S 2244(d)(2) for

various forms of state review only. See 30 F.Supp.2d at 1249–53. We find nothing in S 2244(d)(2)'s language or legislative history, and nothing in the policy concerns behind AEDPA's enactment, to suggest a contrary result. Consequently, Jones is not entitled to tolling under S 2244(d)(2), and he is limited to seeking an "equitable tolling" of the limitations period.

(ii) Equitable tolling

In Miller v. New Jersey State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998), we determined that AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period. We observed in Miller that "equitable tolling is proper only when the `principles of equity would make the rigid application of a limitation period unfair.' " Id. at 618 (quoting Shendock v. Director, Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990) (in banc)) (punctuation marks omitted). This "unfairness" generally occurs "when the petitioner has `in some extraordinary way ... been prevented from asserting his or her rights.' " Id. (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380 (3d Cir. 1994)). Finally, we noted that " `the petitioner must show that he or she `exercised reasonable diligence in investigating and bringing [the] claims.'... Mere excusable neglect is not sufficient." Id. at 618–19 (citations omitted).

In other cases, we have explained that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has `in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) (quoting Kocian v. Getty Refining & Mktg. Co., 707 F.2d 748, 753 (3d Cir. 1983)). In Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236 (3d Cir. 1999), we recently held that "equitable tolling may be appropriate [in a Title VII action] when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything

10

required of her." Id. at 240 (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)). In the final analysis, however, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Midgley, 142 F.3d at 179 (quotations marks and citation omitted); see also Seitzinger, 165 F.3d at 239 ("The law is clear that courts must be sparing in their use of equitable tolling.").

In the present case, Jones has offered no explanation for his failure to pursue state court remedies after the District Court dismissed his first petition on exhaustion grounds. In the second petition, Jones raised the same unexhausted claims. After this Court denied a certificate of appealability on exhaustion grounds, Jones refiled the same claims in his third petition, again having failed to present those claims to the state courts. There is nothing in the record to suggest, and Jones has not alleged, that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant," such that the exhaustion requirement should be excused. See S 2254(b)(1)(B)(i)-(ii).

Jones argues that, "[b]y filing three pro se petitions, [he has] demonstrated his intent to be heard in federal court. He, therefore, cannot be deemed guilty of willful and inexcusable neglect, or even unreasonable delay, such that laches applies.... Instead of `sitting on his hands,' Petitioner moved, three separate times, in federal court, to vindicate his appellate rights, in state court. After these repeated efforts to be heard, it would be inequitable for Appellant to be time-barred." Appellant's Br. at 15-16. Jones seems to misunderstand the exhaustion requirement. Before his claims can be heard in federal court, he must present them to the state courts for review, which he can do pursuant to the New Jersey post-conviction review statute. Jones has made no showing that he "exercised reasonable diligence" in satisfying the exhaustion requirement in order to present his claims in a timely federal habeas petition. Cf. New Castle Cty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) (stating that, to invoke equitable tolling, a

11

party must show an exercise of reasonable diligence in bringing the claims). Instead, he has chosen on three occasions to file his claims in federal court without first pursuing state court remedies. Although it appears that Jones was simply mistaken in his belief that he could obtain review in federal court without having presented his claims to the state courts, his misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations.

In sum, Jones has established no basis for an equitable tolling of the time during which his second habeas petition was pending in federal court.

(iii) Relation back

The final argument that Jones seems to raise is that the filing date of his third petition should "relate back" to the filing date of his first or second petition, both of which were filed prior to AEDPA's enactment and were dismissed without prejudice for failure to exhaust state remedies. See Appellant's Br. at 17–18. If the filing date of the third petition relates back, it was improper to dismiss the petition as time-barred. We cannot agree with this argument.

The District Court dismissed Jones's first petition without prejudice for failure to exhaust state remedies, and his case was closed. On the second petition, this Court denied a certificate of appealability on exhaustion grounds. Our order did not leave Jones's case open in federal court; rather, we dismissed the case without prejudice to Jones's ability to refile his claims after complying with the exhaustion requirement. Because the first and second petitions were dismissed, and the cases closed, there was nothing for Jones's third petition to relate back to. Traditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice. As we explained in a recent habeas case, "[t]ypically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed." Hull v. Kyler, ___ F.3d ___, No. 97–7551, 1999 WL 636957, at *13 (3d Cir. Aug. 23, 1999) (citations omitted). Thus, courts have recognized that, if a

12

petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action. See Graham v. Johnson, 168 F.3d 762, 775-81 (5th Cir. 1999), petition for cert. filed, ___ U.S.L.W. ___ (U.S. June 21, 1999) (No. 98-10002); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999), petition for cert. filed, 68 U.S.L.W. 3021 (U.S. June 30, 1999) (No. 99-26). Accordingly, we reject Jones's argument that the filing date of his third petition somehow related back to the filing date of his first or second petition.

IV.

To summarize, Jones's petition was untimely filed, and he has failed to establish any basis for a tolling of the limitations period. Accordingly, we will affirm the District Court's order denying Jones's habeas petition on the ground that the petition was untimely filed under S 2244(d)(1)'s one-year statute of limitations.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

13