**Richard SMITH, Petitioner,**

v.

**Superintendent, G. DUNCAN,
et al, Respondent.**

**Civil Action No. 02–1602.**

United States District Court,
E.D. Pennsylvania.

Aug. 6, 2003.

Thomas W. Dolgenos, District Attorney's Office, Assistant District Attorney, Laura E. Kerns, District Attorney's Office, Federal Litigation Department, Philadelphia, PA, for Respondent.

### MEMORANDUM OPINION
### AND ORDER

RUFE, District Judge.

Petitioner Richard Smith has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On May 29, 2002, the Honorable J. Curtis Joyner referred the instant petition to United States Magistrate Judge Diane M. Welsh ("Judge Welsh") for a Report and Recommenda-

tion, which was filed July 31, 2002.[1] Judge Welsh recommended that the instant petition be summarily dismissed as time barred. Presently before the Court are Petitioner's Objections to Judge Welsh's Report and Recommendation and the Response to Objections. After a *de novo* consideration of the record, the petition is summarily dismissed as time barred.

## FACTUAL & PROCEDURAL HISTORY

Judge Welsh's Report and Recommendation comprehensively cites the factual and procedural history of this case. To summarize the relevant procedural history, on February 12, 1993, petitioner was convicted by a jury in the Court of Common Pleas of Philadelphia of first degree murder, abuse of corpse, and possessing an instrument of crime, charges which result from the murder of his drug dealer partner.[2] After the jury failed to agree on the punishment, Judge Carolyn E. Temin sentenced petitioner to a term of life imprisonment. On April 16, 1993, petitioner filed a Notice of Appeal to the Pennsylvania Superior Court. On January 31, 1994, the Superior Court affirmed the judgment of sentence. Petitioner did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On December 5, 1996, petitioner filed a *pro se* motion under the Post Conviction Relief Act ("PCRA"). On August 19, 1999, his PCRA petition was denied and on September 8, 1999, petitioner filed a Notice of Appeal to the Superior Court of Pennsylvania. On November 1, 2000, the Superior Court affirmed the dismissal of the PCRA petition. Petitioner then filed a Petition for Allowance of Appeal to the Pennsylva-

nia Supreme Court which was denied on April 20, 2001.

On March 25, 2002, petitioner filed the instant Petition for Writ of Habeas Corpus claiming that:

(1) trial counsel was ineffective for failing to object to the trial court's jury instructions on first and third degree murder;

(2) the prosecutor committed misconduct in presenting allegedly known perjured testimony from Commonwealth witness, Ricardo Green, and trial counsel was ineffective for failing to object to the admission of this testimony;

(3) the trial court erred in its explanation to the jury's question regarding evidence of murder, and that trial counsel was ineffective for failing to object to it; and

(4) trial counsel was ineffective for failing to conduct a pre-trial investigation and for failing to present any meaningful defense strategy.

On July 31, 2002, Judge Welsh recommended that the instant petition be dismissed as time barred. On October 15, 2002, the Clerk of Court docketed "The Petitioner's Petition Shouldn't be Dismissed as Untimely" as Petitioner's Objections to the Report and Recommendation. On April 24, 2003, respondent filed its "Response to Petition for Writ of Habeas Corpus." In his Objections, petitioner contends that his habeas time limitation period should be equitably tolled from April 24, 1996 (the effective date of AEDPA) until December 5, 1996 (the filing date of his PCRA petition) because his direct appeal counsel did not file a timely *allocatur* petition. More specifically, petitioner

---

1. This case was reassigned to this judge pursuant to Eastern District of Pennsylvania procedures for random reassignment of cases on June 14, 2002.

2. At trial, the Commonwealth presented evidence that petitioner murdered his drug dealer partner and then wrapped his body in a comforter, secured it with a wire, and then left the victim in a stolen van.

claims he spent more than two years trying to determine whether or not his counsel filed said petition.

## DISCUSSION[3]

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") April 24, 1996 amendments, a strict *one year* time limitation governs the filing of new petitions for relief from judgments of state courts. The AEDPA states that:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) also states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

In this case, the petition is untimely. Petitioner's conviction became final on March 2, 1994, almost two years before the effective date of the AEDPA.[4] Thus, petitioner had one year after the effective date of the AEDPA, in addition to any time during which the period of limitation was tolled, to file his habeas petition. Petitioner filed his PCRA petition on December 5, 1996, and that petition was pending until April 20, 2001, when the Supreme Court of Pennsylvania denied his request for allowance of appeal. The time during which this PCRA petition was pending does not count toward the one year limitation period. Since the AEDPA's period of limitation began to run again on April 21, 2001, only five months remained on petitioner's limitation period because more than seven months of the period had elapsed by the time petitioner filed his PCRA petition back on December 5, 1996. Hence, petitioner had approximately five months to file his habeas petition once the Pennsylvania Supreme Court denied allowance of appeal on April 20, 2001. The postmark date on the instant petition's envelope was March 22, 2002, more than eleven months after the Supreme Court of Pennsylvania denied petitioner allowance of appeal. Therefore, petitioner filed the instant habeas petition six months late and failed to comply with the one-year period as required by the AEDPA.

---

3. The Court adopts Judge Welsh's legal analysis and provides a brief summary of the relevant law pertaining to the appropriate time frame in which to file a proper habeas petition.

4. Because petitioner did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, the judgment became final when the time allowed for review, 30 days from the Superior Court judgment, had expired. The Superior Court affirmed the judgment of sentence on January 31, 1994.

Petitioner contends that the one year limitation period should be equitably tolled due to the failure of his direct appeal counsel to file a timely *allocatur.*

 Equitable tolling is available only in very narrow circumstances. *See Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239–40 (3d Cir.1999). Equitable tolling is appropriate where: (1) the petitioner has in some extraordinary way been prevented from asserting his or her rights; (2) the respondent has actively misled the petitioner regarding the filing deadline; or (3) the petitioner has timely filed but in the wrong forum or in a defective way. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Moreover, "attorney error, miscalculation, inadequate research, or other mistakes" do not provide an extraordinary basis for equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001), *cert. denied,* 534 U.S. 944, 122 S.Ct. 323, 151 L.Ed.2d 241 (2001).

 In this case, petitioner has not shown that he has been prevented from asserting his rights in some extraordinary way to allow this court to toll the time period before the filing of his PCRA petition. Moreover, petitioner still had sufficient time, approximately five months, after his *allocatur* was denied, to file a timely habeas petition. Thus, petitioner has also failed to offer any extraordinary circumstance as to why it took him eleven months after the Pennsylvania Supreme Court denied his allowance of appeal to file for federal habeas relief.

For the foregoing reasons, the Court overrules Petitioner's Objections and adopts and approves Judge Welsh's Report and Recommendation. The petition is summarily dismissed. The Court also finds that petitioner has failed to make a substantial showing of the denial of a constitutional right and declines to grant a Certificate of Appealability.

An appropriate Order follows.

## ORDER

**AND NOW,** this 6th day of August, 2003, upon consideration of Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Diane M. Welsh, Petitioner's Objections to the Report and Recommendation, and Respondent's Response to Petition for Writ of Habeas Corpus, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections to the Magistrate Judge's Report and Recommendation [doc. no. 9] are OVERRULED;

2. The Report and Recommendation is APPROVED and ADOPTED;

3. The Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED;

4. Because the Petition does not make a substantial showing of the denial of a constitutional right, the Court declines to issue a Certificate of Appealability; and

5. The Clerk shall CLOSE this case for statistical purposes.