

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2007

# Graf v. Moore

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Graf v. Moore" (2007). 2007 Decisions. Paper 1730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  04-1041

———————

CLIFFORD J.  GRAF,
Appellant

v.

TERRANCE MOORE;
ATTORNEY GENERAL OF THE STATE NEW JERSEY

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No.  01-cv-03011)
District Judge:  Honorable Mary Little Cooper

———————

Argued November 28, 2006

Before:  RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>
and PRATTER*, <u>District</u> <u>Judge</u>.

(Filed January 30, 2007)

———————

Mark Diamond     **[ARGUED]**
P.O. Box 287356
Yorkville Station
New York, NY  10128
    *Counsel for Appellant*

———————

* Honorable Gene E. K. Pratter, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

Mark P. Stalford    **[ARGUED]**
Office of County Prosecutor
Monmouth County
71 Monument Park
Freehold, NJ 07728
  *Counsel for Appellees*

---

OPINION OF THE COURT

---

RENDELL, <u>Circuit Judge</u>.

This case involves a claim by Petitioner Clifford Graf that the District Court improperly denied Graf equitable tolling and dismissed Graf's habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § § 2241-2254. For the reasons described below, we reverse the denial of equitable tolling and remand the petition for consideration on the merits.

FACTUAL AND PROCEDURAL HISTORY

Graf was convicted by a jury of murder, felony murder, robbery, theft, and unlawful possession of a handgun in New Jersey state court in 1986. He was sentenced to life in prison. Soon after his conviction, Graf began pressing on appeal challenges to his conviction. Graf made claims alleging unlawful police interrogation outside the presence of counsel; denial of his request for counsel; an erroneous *Miranda* ruling by the trial court; an unlawfully prejudicial admission of a piece of evidence (a bloody jacket); an unlawful search and seizure by the police; and prosecutorial misconduct in the form of a

2

statement to the jury that Graf had failed to rebut the evidence assembled against him.

The Appellate Division affirmed the conviction in 1988. The New Jersey Supreme Court denied certification that same year. Graf filed a motion for post-conviction relief (MPCR) with the New Jersey Superior Court. After having the motion dismissed and then restored and remanded for a hearing, the Superior Court in 1992 denied the MPCR. Graf appealed the ruling, and claimed his counsel during the MPCR was constitutionally ineffective. The Appellate Division of New Jersey affirmed the Superior Court and denied the ineffectiveness claim in 1996. The New Jersey Supreme Court denied certification that same year.

Graf's habeas petition first reached federal court in 1997. Graf's conviction became final on May 23, 1996, and thus under AEDPA Graf had one year from that date to file his habeas petition. 28 U.S.C. § 2244(d). The petition was timely filed on January 1, 1997, and was docketed by the District Court in February 1997. But as the petition was deemed to be a mixed petition containing exhausted and unexhausted claims, the District Court dismissed it. The Government argued that one of Graf's seven claims was unexhausted; the District Court agreed and *sua sponte* found that two others were unexhausted. A total of three claims, the District Court found, had not been directly presented to the state courts, and therefore dismissal was appropriate under *Rose v. Lundy*, 455 U.S. 509 (1982) and 28 U.S.C. § 2254(b). The District Court issued its order in October 1997, after the AEDPA year had elapsed.

However, given the failure to first present them in state court, there was a strong

3

likelihood that the claims would be deemed procedurally defaulted by the New Jersey courts. The District Court found that "in order for this Court to dismiss Graf's petition because these claims are unexhausted, there must be some realistic possibility that the New Jersey courts will entertain these claims on the merits." Despite the likely procedural bar, the District Court stated that the procedural rules "may not be strictly enforced" and that it was "not impossible" that a New Jersey court would excuse the default. The District Court wrote that "[c]ertainly this Court is not prepared to find at present that none of Graf's three unexhausted claims would meet the New Jersey procedural standards." Accordingly, the District Court dismissed the petition "without prejudice." It stated that "Graf therefore will have the options of exhausting his unexhausted claims in state court, and then refiling all claims as a federal habeas petition; or of omitting his unexhausted claims and refiling his federal petition immediately." The District Court added a warning:

> Petitioner should also be aware that the AEDPA has imposed a one-year statute of limitations on habeas petitions, which generally begins to run after the completion of direct appeals. Time during which state post-conviction applications are pending does not count toward the one-year limit. See 28 U.S.C. § 2244(d). Therefore, if petitioner intends to pursue state remedies for his unexhausted claims, he should file his state-court application as expeditiously as possible.

The District Court refused to enter a certificate of appealability. On January 21, 1998, Graf filed his second motion for post-conviction relief with the New Jersey Superior Court. The motion was denied as procedurally barred on February 5, 1999. The

4

Appellate Division affirmed in 2000, and the New Jersey Supreme Court denied certification on June 6, 2001. Graf filed a second petition for federal habeas on July 17, 2001. He filed an amended petition August 30, 2001. On December 12, 2003, the District Court dismissed the amended petition as barred by the statute of limitations under 28 U.S.C. § 2244(d)(1)(A).

The District Court acknowledged that it was "mindful that Graf filed his first § 2254 petition in February 1997 before the statute of limitations expired, and that, by the time the Court dismissed it as a mixed petition on October 31, 1997, the statute of limitations had expired. Nevertheless, the limitations period was not tolled during the time Graf's first petition was pending." In the absence of the possibility of statutory tolling (which is only available when a petitioner is proceeding in state court) equitable tolling remained the only way for Graf's petition to be deemed timely. The District Court found the equitable tolling option barred by the Third Circuit's decisions in *Jones v. Morton*, 195 F.3d 153 (3d Cir. 1999), and *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir. 1998). The latter case held that "equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." *Miller*, 145 F.3d at 618 (citations and quotations omitted). More specifically, the Third Circuit held in *Jones* that tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F.3d at 159 (citations and quotations

5

omitted).

The District Court found such circumstances were not present. The District Court found that the request for equitable tolling was predicated on Graf's mistake in filing his petition in federal court before he had exhausted all of his claims. Accordingly, the District Court believed *Jones* precluded it from "finding that Graf's mistaken filing of his first unexhausted § 2254 petition is an extraordinary circumstance warranting equitable tolling during the time the petition was pending in this Court."

The District Court granted a certificate of appealability. It did so in light of intervening caselaw that suggested that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here the procedural ruling at issue is the District Court's 2003 denial of equitable tolling and dismissal of the petition. Graf timely appealed.

JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2254. The standard of review over a decision to dismiss a case as time-barred is plenary, *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001), as is the standard for review of a decision to grant or deny equitable tolling. *Brinson v. Vaughn*, 398 F.3d 225, 231 (2005) ("[W]here, as here, the relevant facts are not disputed, a District Court's decision on the question

6

whether a case is sufficiently 'extraordinary' to justify equitable tolling should be reviewed de novo."). Findings of fact are reviewed for clear error. *Caswell v. Ryan*, 953 F.2d 853 (3d Cir. 1992).

## DISCUSSION

Graf argues that the District Court erred in denying equitable tolling and in denying his habeas petition as time-barred under the one-year statutory deadline imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d). He asks that the order of the District Court be vacated and the petition be remanded for consideration on the merits.

The Government argues in response that equitable tolling should be unavailable because Graf did not act with reasonable diligence and because extraordinary circumstances were not present. With regard to extraordinary circumstances, the Government claims that Graf misunderstood the exhaustion requirement, and this understanding is insufficient under *Jones. See Jones*, 195 F.3d at 160 ("[A] misunderstanding of the exhaustion requirement is insufficient to excuse [the] failure to comply with the statute of limitations.").[1]

Our focus is on what the District Court did in sending the case back to the New Jersey courts. In addition to advising Graf that the dismissal was "without prejudice," the

---

[1] With regard to reasonable diligence, the Government makes nothing more than a bare assertion that Graf was not diligent.

District Court recognized that it was highly questionable whether the state courts would even entertain the unexhausted but procedurally defaulted claims. Nevertheless, the District Court directed Graf to return to state court. Moreover, the District Court was aware that timing was a concern, but did not recognize that the time for re-filing in federal court had run, requiring Graf to seek equitable tolling in any case. In *Pliler v. Ford*, 542 U.S. 225 (2004), the Supreme Court held that district courts that dismiss mixed habeas petitions are not required to inform *pro se* litigants that a dismissal "without prejudice" may in fact lead them to have their claims denied later as time-barred. *Id.* at 233. The *Pliler* majority stated that a requirement that petitioners be warned about their AEDPA time would require burdensome calculations by the district courts, and that the warnings themselves could be misleading. But *Pliler* did not hold that equitable tolling was unavailable to *pro se* litigants where appropriate. "[W]e hold that district courts are not required to give the particular advisements required by the Ninth Circuit before dismissing a *pro se* petitioner's mixed habeas petition under *Rose*. We remand the case for further proceedings given the Court of Appeals' concern that respondent had been affirmatively misled quite apart from the District Court's failure to give the two warnings." *Id.* at 234. Indeed, Justice O'Connor wrote a concurrence in which she stated that she joined the majority "because it is limited to the narrow question whether the notifications crafted by the Ninth Circuit *must* be given." *Pliler*, 542 U.S. at 234 (O'Connor, J., concurring) (emphasis added). "For the reasons given by the majority, it is not incumbent upon a district court to establish whether the statute of limitations has

8

already run before explaining the options available to a habeas petitioner who has filed a mixed petition. Nevertheless, if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate." *Id.* at 235 (O'Connor, J., concurring) (citation omitted).

Our decision in *Brinson v. Vaughn*, 398 F.3d 225 (3d Cir. 2005), tracks this language addressing the issue of misled petitioners and controls our analysis of Graf's claim. *Brinson* involved the use of equitable tolling in the habeas setting, and the *Brinson* Court (echoing *Pliler*) held that with regards to equitable tolling's requirement of extraordinary circumstances, "[o]ne such potentially extraordinary situation is where a court has misled a party regarding the steps that the party needs to take to preserve a claim." *Id.* at 230. The district court in *Brinson* had initially dismissed Brinson's habeas petition because Brinson–after exhausting his claims on state habeas–brought forth evidence which the District Court believed ought to be viewed by the state courts in the first instance. This was even though the claim faced a procedural default in state court. "Unfortunately, the District Court did not note that, by the time of its decision, the . . . time limit for filing a claim based on newly discovered evidence . . . had already passed." *Brinson*, 398 F.3d at 229. The second state habeas claim was denied as untimely. When the case finally returned to federal court, the district court equitably tolled the AEDPA clock. The Third Circuit panel reviewed the tolling *de novo* and affirmed, finding that the district court in dismissing Brinson's initial habeas petition had misled him. "We conclude that the District Court's mistaken dismissal of Brinson's first petition prevented

9

Brinson in a sufficiently extraordinary way from asserting his rights under the federal habeas statute." *Id.* at 231.

With respect to the procedural default in *Brinson*, the district court "relegated Brinson to another round of state court litigation that was bound to fail because the 60-day period for raising a claim founded on newly discovered evidence had already passed." *Id.* at 231 (citation omitted). That language is directly on point here, where the District Court relegated Graf to an additional round of state proceedings even though his state-court claims were understood to be procedurally barred and would only be heard on the merits if the New Jersey state courts elected to excuse the procedural default, a scenario the District Court deemed "not impossible."

Indeed, the facts are even more compelling in Graf's case than in Brinson's. While the district court in *Brinson* made a mistake as to the applicable procedural deadline, in Graf's case the District Court recognized the deadline but deemed it "not impossible" that state courts would excuse the default. The state-court filing that the District Court directed Graf to execute was known to be procedurally barred, a fact which underlines the unfairness in now deeming Graf's claim time-barred.[2] The District Court

---

[2]Between the District Court's initial order and today, the process for managing and analyzing mixed petitions changed significantly. Under the applicable rule in effect at the time the District Court dismissed the petition (set forth in *Rose v. Lundy*, 455 U.S. 509 (1982)), district courts were expected to dismiss mixed petitions. After the enactment of AEDPA and the imposition of the one-year deadline for filing a habeas petition, circuit courts and eventually the Supreme Court came to apply a rule that did not require the automatic dismissal of mixed petitions. Initiated by Justice Stevens's concurrence in *Duncan v. Walker*, 533 U.S. 167, 182 (2001) (Stevens, J., concurring), and the Second

should not have dismissed Graf's claims when it knew it was so unlikely the New Jersey state courts would excuse the default, or alternatively it should later have granted relief by finding equitable tolling to apply.

CONCLUSION

As the District Court's misleading dismissal jeopardized an otherwise timely habeas petition, equitable tolling is warranted. While we anticipate that the practice of stay-and-abeyance, *see* n.2 *supra*, will drastically reduce the number of cases in which district courts dismiss mixed petitions, equitable tolling is appropriate in the rare circumstance such as this where the District Court misled the petitioner as to his obligations. The case will be remanded for a determination on the merits.

---

Circuit's decision in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the practice of "stay and abeyance" quickly received widespread approval in various circuits, including our own. *See Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004). One year after *Crews*, the Supreme Court gave its blessing to the stay-and-abeyance procedures adopted by the circuits, narrowing their application in certain respects. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).