**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8224**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DANIEL ORIAKHI,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.   (1:92-cr-00283-MJG-1; 1:05-cv-02317-MJG)

Submitted:  August 16, 2010       Decided:  September 10, 2010

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel Oriakhi, Appellant Pro Se.  Robert Reeves Harding,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Oriakhi appeals from the dismissal of his 28 U.S.C.A. § 2255 (West Supp. 2010) motion as untimely filed. We previously granted a certificate of appealability on the question of whether the statute of limitations should be equitably tolled because Oriakhi's attorney failed to give Oriakhi his trial transcript and other relevant legal documents. After further briefing, we affirm.

Equitable tolling applies to the statute of limitations in § 2255 proceedings. See Holland v. Florida, 130 S. Ct. 2549 (2010) (28 U.S.C. § 2254 (2006) proceeding). Specifically, in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. While attorney misconduct must be more egregious than a "garden variety claim of excusable neglect" to be considered an extraordinary circumstance, the requirement might be met by a showing of an extraordinary failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his clients informed of key developments in their cases, or to never abandon a client. 130 S. Ct. at 2562-65.

Thus, Oriakhi must first show that he diligently pursued his rights. Although the record shows that Oriakhi

2

doggedly pursued a transcript, he has failed to show that he diligently pursued his § 2255 motion. Accepting the truth of all of Oriakhi's contentions, he was aware of the filing deadline for his § 2255 motion, and yet he failed to file a § 2255 motion until 2005, over eight years after the statute of limitations had expired. Moreover, Oriakhi eventually filed his motion without the aid of a transcript and was able to adequately articulate his claims. While Oriakhi may have subjectively believed that he could not properly file a § 2255 motion without first reviewing his transcript, his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (no equitable tolling when counsel erroneously advised petitioner as to the statute of limitations); Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999) (misunderstanding of exhaustion requirement insufficient to excuse failure to comply with statute of limitations). Ironically, Oriakhi's best course of action to secure a transcript would have been to file a timely § 2255 motion and then apply for preparation of the transcript at Government expense. See 28 U.S.C. § 753(f) (2006); United States v. MacCollum, 426 U.S. 317, 321-22 (1976).

Moreover, Oriakhi has failed to even allege that there are claims he sought to raise that he could not present due to

his lack of access to a transcript. As to the two claims he did raise, his assertion that his attorney was ineffective during the plea negotiation process would not be aided by a transcript as it involved discussions and events outside of the record. While his United States v. Booker, 543 U.S. 220 (2005) claim might be supported by a transcript, the claim is not cognizable on collateral review. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Thus, although Oriakhi was actively attempting to obtain a transcript, he has failed to show that a transcript was necessary to the timely filing of his § 2255 motion.

Because we conclude that Oriakhi cannot show that he diligently pursued his rights, we need not address the second Holland prong, that is, whether Oriakhi's attorney's misconduct rose to an "extraordinary circumstance." Based on the foregoing, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4