**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2217
_____

GURDEV SINGH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A076-101-269)
Immigration Judge: Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2011

Before: AMBRO, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed April 4, 2011)
_____

OPINION
_____

PER CURIAM

Gurdev Singh ("Singh") petitions for review of the Board of Immigration

Appeals' final order of removal. For the reasons that follow, we will deny the petition for

review.

I. Background

Singh, a citizen of India from Punjab, entered the United States without inspection in December, 1997. He applied for asylum and withholding of removal, claiming that he had been persecuted in India because of his activities on behalf of Akali Dal Mann, a group committed to creating an independent Sikh state. His application was referred to an Immigration Judge. On February 16, 1999, the former Immigration and Naturalization Service served him with a Notice to Appear, charging that he was removable as an alien not admitted or paroled, see Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).

On March 9, 1999, Singh appeared before an Immigration Judge without counsel and requested a postponement. The IJ agreed to postpone the hearing until April 20, 1999. The IJ told Singh that "[i]f you're not here, a hearing could be held in your absence, you can be removed from the United States. Do you understand?" N.T., 3/9/99, at 1. Singh replied "Yes, sir." See id. at 2. Singh was given written notice of his new hearing, which contained information concerning the consequences for failing to appear. A.R. 98-99. Singh appeared with counsel on April 20, 1999, and waived a Punjabi interpreter. He admitted the factual allegations and conceded removability. The IJ then scheduled a merits hearing for September 9, 1999 in Singh's presence and asked his counsel to remind Singh of the consequences of failing to appear. Counsel replied that he would. N.T., 4/20/99, at 5. Again, Singh, through counsel, was given written notice of his new hearing, which contained information concerning the consequences for failing to appear. A.R. 96-97. On September 9, 1999, the merits hearing convened with Singh's counsel in attendance, but Singh failed to appear. The IJ ordered Singh removed to India in absentia.

2

On December 23, 1999, Singh, through the same counsel, filed a motion to reopen with the IJ, alleging that exceptional circumstances prevented Singh from attending his hearing. Singh asserted in a supporting affidavit that he missed his hearing due to illness; he was suffering from headaches, dizziness, and palpitations. He did not contest receipt of notice. The Government opposed reopening the proceedings, noting that Singh had not provided any documentation regarding his illness. On February 11, 2000, the IJ denied the motion to reopen. Noting that a motion to reopen an *in absentia* order filed within 180 days may be granted where the alien shows "circumstances (such as serious illness of the alien or serious illness or death of the spouse, child or parent of the alien, but not including less compelling circumstances) beyond the control of the alien," INA § 240(e)(1), 8 U.S.C. § 1229a(e)(1),[1] the IJ determined that there was insufficient evidence that Singh's failure to appear was due to serious illness. He based that conclusion on the lack of documentation, and Singh's delay of three months in seeking reopening, which tended to undermine the genuineness of his claim of illness.

Singh appealed, through the same counsel, to the Board of Immigration Appeals, but did not file a brief in support of that appeal. On November 7, 2002, the Board affirmed the IJ, noting that Singh's notice of appeal addressed only asylum-related issues and did not challenge the IJ's conclusion regarding the absence of exceptional circumstances for reopening the *in absentia* order. Singh did not file a petition for review of the Board's decision.

Almost 7 years later, Singh, through new counsel, filed a second motion to reopen, this time with the Board. Singh asked the Board to use its *sua sponte* authority to reopen

---

[1] The statute was amended effective January 5, 2006 to add "battery or extreme cruelty to the alien or any child or parent of the alien." Id.

3

proceedings, 8 C.F.R. § 1003.2(a).  For the first time, Singh alleged that the notice he received on April 20, 1999 of his upcoming merits hearing violated his right to due process because the IJ did not personally advise him (through a Punjabi interpreter) of the consequences of failing to appear.  Additionally, Singh alleged that the Board should have previously advised him of the time and number limitations applicable to motions to reopen, and he also requested that the Board exercise its discretion to reopen his proceeding so that he could apply for adjustment of status based on his 1999 marriage to Manjit Kaur, who had become a United States citizen on July 24, 2003.

On April 16, 2010, the Board denied the motion to reopen as time- and number-barred.[2]  The Board rejected Singh's due process argument because both the Notice to Appear and the first hearing notice issued, dated March 9, 1999, were personally served on Singh and set forth in writing the consequences of failing to appear.  The Board held that there is no law requiring that warnings of the consequences of failing to appear be given in the alien's native language.  In addition, the Board continued, the law does not require that aliens be advised concerning the time and number limitations on motions to reopen.  Last, the Board declined to exercise its *sua sponte* authority to reopen proceedings on account of Singh's marriage to a United States citizen.  The Board noted that aliens like Singh often become eligible for adjustment of status after a final order of removal has been entered, and no exceptional circumstances warranted reopening.

---

[2] The Board mistakenly noted that the Government had not opposed the second motion to reopen.  In fact, the record establishes that the motion was opposed.  A.R. 5-8.

4

Singh then petitioned our Court for review, arguing that the Board erred in rejecting his arguments regarding the inadequacy of the IJ's warning and the Board's failure to give notice of the time and number limitations applicable to motions to reopen.[3]

## II.  Jurisdiction and Standard of Review

We have jurisdiction under 8 U.S.C. § 1252(a)(1).  We generally review the denial of a motion to reopen for abuse of discretion, but "questions of law, such as . . . the underlying claim of denial of due process, are . . . reviewed de novo."  Fadiga v. Att'y Gen., 488 F.3d 142, 153-54 (3d Cir. 2007).  The agency's factual determinations are upheld if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole.  Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

## III.    Analysis

An alien in removal proceedings shall be ordered removed *in absentia* if he fails to appear at a scheduled hearing after having been properly provided written notice of the time and place of that hearing, and the agency establishes by clear, unequivocal, and convincing evidence that the notice was provided and that the alien is removable as charged.  8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1003.26(c).  However, an order of removal entered *in absentia* may be rescinded upon a motion to reopen filed within 180 days of the date of the order of removal where the alien demonstrates that his failure to appear was because of exceptional circumstances.[4]  Additionally, an *in absentia* order

---

[3] Singh does not appeal the BIA's decision not to exercise its *sua sponte* authority to reopen proceedings and, in any event, we would lack jurisdiction to review that decision, see Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

[4] Singh's first motion to reopen, which asserted exceptional circumstances, was timely filed.  However, he did not timely petition for review of the Board's November 7, 2002

may be rescinded upon a motion to reopen filed at any time where the alien demonstrates that he did not receive proper notice of his hearing, or that he was in federal or state custody and failed to appear through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C)(i)-(ii); 8 C.F.R. § 1003.23(b)(4)(ii). Aliens ordered removed *in absentia*, like other aliens, may file only one motion to reopen. Luntungan v. Att'y Gen. of the U.S., 449 F.3d 551, 556 (3d Cir. 2006) (per curiam); 8 U.S.C. § 1229a(c)(7)(A),(B) ("[a]n alien may file one motion to reopen proceedings").

Because Singh's second motion to reopen—which was filed outside the 180-day deadline—alleged that Singh did not receive effective notice of his hearing, it was at least arguably timely. However, the BIA correctly held that the Singh's motion was number-barred, Luntungan, 449 F.3d at 556, and we cannot accept Singh's argument that due process required the BIA to "equitably toll" the numerical limitations on filing motions to reopen. Even if numerical limitations may be tolled in the first place, "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly." Mahmoud, 427 F.3d at 253 (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)). Singh does not allege ineffective assistance of counsel with regard to the first motion to reopen,[5] and his mistake about the law concerning the time and number limits for motions to reopen is not a basis for equitable tolling, see Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999). Moreover, Singh's first motion to reopen gave him a fair chance to be heard. We held in Luntungan that "[e]quity requires nothing more." Id. at 558.

_____

decision, 8 U.S.C. § 1252(b)(1), so we now lack jurisdiction to review the determination that his evidence of illness was insufficient to establish exceptional circumstances.

[5] We held in Mahmoud that attorney conduct can provide a basis for equitable tolling, but failure to exercise due diligence in asserting ineffective assistance of counsel undermines any claim for equitable tolling of the motion to reopen deadline, id. at 252-53. See also Borges v. Gonzales, 402 F.3d 398, 407 (3d Cir. 2005).

6

In any event, we must affirm the BIA because Singh's rights were not violated by the IJ's purported failure to notify Singh personally, through an interpreter, of the consequences of failing to appear for his September hearing. First, during the March hearing, the IJ personally warned Singh about the consequences of failing to appear at the April 20, 1999 hearing, and Singh indicated that he understood. N.T., 3/9/99, at 1. Then, at the April 20, 1999 hearing, Singh waived a Punjabi interpreter. N.T. 4/20/99, at 3. Following that waiver, while setting a new hearing date, the IJ asked Singh's counsel to "advise [Singh] of the consequences of his failure to appear and the various forms of relief he would be ineligible for if he were not here," and counsel agreed to do so. Additionally, the record indicates that, during the April hearing, Singh's counsel was given written notice of the September 9 hearing date.[6] Even though this procedure, taken as a whole, was perhaps not ideal, we conclude that it did not rise to the level of a due process violation in light of Singh's March 9 statement that he understood the consequences of failing to appear and Singh's April 20 waiver of a Punjabi interpreter. Moreover, we note that Singh's failure to raise the lack of adequate notice in his first motion to reopen seriously undermines his current objection.

IV.    Conclusion

For the foregoing reasons, we will deny the petition for review. Petitioner's motion to supplement the Administrative Record with the transcripts from the March 9, 1999, April 20, 1999, and September 9, 1999 hearings is granted insofar as the transcripts were prepared using the agency's official recordings.

---

[6] This procedure is explicitly contemplated by the regulations applicable to *in absentia* hearings.  8 C.F.R. § 1003.26(a).