

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2006

# Jones v. Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jones v. Hendricks" (2006). *2006 Decisions.* Paper 1326.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1326

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1658
_____

RONALD JONES,

Appellant

v.

R. HENDRICKS; E. PARTIN; W. SCHARBER; C. CLEMONS; M.
RICHARSON; P. ORTIZ; LINCOLN; W. BEY; B. WHITE; S. DOBRON;
D. WIATER; E. O'NEILL; D. MEE; W. MORTON; J. TERHUNE

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 00-cv-06140)
District Judge: Honorable Alfred M. Wolin
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2005

BEFORE: ROTH, McKEE and ALDISERT, CIRCUIT JUDGES

(Filed: April 4, 2006 )

_____

OPINION
_____

PER CURIAM

Ronald Jones appeals from the District Court's order granting the defendants'

motion for summary judgment in his civil rights action. For the reasons that follow, we will affirm.

Because the parties are familiar with this case's history, we will not recount the background at length. Jones, an inmate at the New Jersey State Prison in Trenton, filed a complaint under 42 U.S.C. § 1983 alleging a number of civil rights violations committed by prison officials and employees. The District Court dismissed several of Jones's claims under 28 U.S.C. §§1915A and 1915(e)(2), granted summary judgment in favor of the defendants as to the remaining claim, and denied his motion for a preliminary injunction. On appeal, we affirmed in part, reversed in part, and remanded the case for consideration on two claims: (1) that Jones was denied meaningful access to the courts by not being allowed to use the prison law library, in violation of his rights under the First Amendment; and (2) that Jones was denied prison employment in retaliation for exercising his First Amendment rights. Jones v. Hendricks, CA Nos. 01-3305 & 01-3951 (3d Cir. May 22, 2003). On remand, the defendants filed a motion for summary judgment. Jones filed a response, and the defendants filed a reply. The District Court granted the motion for summary judgment. Jones appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the

nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of a genuine issue for trial. Specifically, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

We first turn to Jones's claim that his First Amendment rights were violated in relation to having his access to the law library restricted to an average of once per week, despite his daily requests for library passes. It is settled that an inmate who alleges a violation of the right of access to the courts must show actual injury. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Actual injury can be demonstrated by showing that defendants' actions resulted in the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997).

In Jones's previous appeal, we determined that Jones minimally stated a First Amendment claim in light of allegations in his complaint that the denial of law library access resulted in the dismissal of his criminal appeal and civil rights actions and caused him to file deficient and untimely pleadings. In this current appeal, Jones again refers to

3

the same allegations in his complaint, clarifying that his habeas petition and unspecified

civil rights actions were eventually dismissed "on procedural and deficient filing

grounds" as a result of his inability to perform legal research and his separation from his

personal legal files.  Appellant's Br., unnumbered pages 12, 19.

We agree with the District Court's conclusion that the defendants are entitled to

judgment as a matter of law on this claim.  Although Jones's allegations were sufficient to

survive dismissal under section 1915(e)(2), Jones has come forth with no other

information from which any actual injury is shown and refers only to the conclusory

allegations of his complaint.  For example, Jones provides no case names, case numbers,

dates of the alleged dismissals at issue, or any other specific facts regarding his affected

litigation.[1]  He points to nothing in the record showing that there is a genuine issue for

trial.  We note that the right of access to the courts does not encompass the right to litigate

---

[1] Jones complains of denial of requested law library passes during a the period
beginning in June 1998 through July 2000.  In paragraph 80 of his complaint, Jones
alleges that he was hindered in submitting a document to this Court in November 1998, in
that he was unable to submit the required number of copies.  In support, Jones refers to an
exhibit attached to his complaint, specifically, a letter from this Court dated December 3,
1998.  This letter acknowledges receipt of his document and *excuses* the defects in his
filing relating to his habeas appeal in Jones v. Morton, C.A. No. 98-5230.  (Complaint,
Exh. N3.)  In those proceedings, Jones's request for a certificate of appealability was
granted on March 31, 1999.  Counsel was appointed to represent him in his habeas appeal
from that point forward.  Ultimately, Jones did not prevail in that matter, as we
determined his habeas petition was untimely under 28 U.S.C. § 2244(d)(1).  Jones v.
Morton, 195 F.3d 153 (3d Cir. 1999).  Notably, Jones filed the habeas petition at issue in
1997, before the relevant time period in this case.  To the extent that Jones relies on the
proceedings on his habeas appeal to show that he suffered "actual injury," we are
unpersuaded.

4

as effectively as he would like once in court.  See Lewis v. Casey, 518 U.S. 343, 354 (1996).

We now address Jones's claim that he was denied prison employment in retaliation for exercising his First Amendment rights.  A prisoner alleging retaliation by officials must prove that the conduct giving rise to the alleged retaliation was constitutionally protected, that he suffered some "adverse action" at the hands of prison officials, and that exercise of the constitutional right was a substantial or motivating factor in the challenged action.  Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001).

Jones alleges in his complaint that prison guards issued a false disciplinary charge against him in retaliation for his filing grievances, and, as a result of the disciplinary charge, he was fired from his prison job and was not assigned any other employment.  In their motion for summary judgment, the defendants assert that Jones was disciplined for refusing to obey an order, that he was never fired from his job as "wing runner," and that, for all subsequent periods, Jones was placed on "idle" status upon his request.  The defendants supported their motion with affidavits and prison forms relating to his work status reviews.  In response, Jones alleged that the disciplinary charge and the prison's documentation were falsified, and he again relied on allegations of his complaint.  Upon review of the record, we conclude that Jones failed to meet his burden of showing that a genuine issue for trial existed.  Despite Jones's contentions to the contrary, he provided no support for his assertions that he was fired from his job and that the prison's

5

documents were falsified. Jones's opposition to the defendants' summary judgment motion does not create a genuine issue for trial because it is based on the averments of his complaint and fails to offer any further material challenging the veracity of the defendants' affidavits and prison files. See Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (Fed. R. Civ. P. 56(e) does not allow a party opposing summary judgment to rely merely upon bare assertions, conclusory allegations, or suspicions). We agree with the District Court's conclusion that the defendants are entitled to summary judgment on this claim.

We have considered all of the arguments raised in Jones's briefs and find them to be without merit. To the extent that Jones attempts to raise issues related to claims previously dismissed from the case, we will not address them, as they are not properly before us. Also, we note that Jones raises arguments concerning the District Court's denial of his motion for the appointment of counsel and his motion for injunctive relief; these orders were entered in 2001, before Jones's earlier appeal of this matter. Jones asserts that these issues are now properly before us because those motions were brought in connection with his First Amendment claims. We disagree. Jones did not contest the denial of his counsel motion in his earlier appeal, and we affirmed the District Court's denial of injunctive relief in his earlier appeal.

We will affirm the District Court's judgment.