

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2004

# Mines v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Mines v. Vaughn" (2004). *2004 Decisions.* Paper 905.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/905

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-3393
_____

KEVIN S. MINES,

Appellant

v.

DONALD T. VAUGHN, ET AL.;
THE DISTRICT ATTORNEY OF
THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA
_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 00-cv-02054)
District Judge: Honorable James McGirr Kelly
_____

Argued on December 18, 2003

Before: ROTH, MCKEE, AND CUDAHY*, <u>CIRCUIT JUDGES</u>

(Filed  March 30, 2004)

---

* Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit,
sitting by designation.

Thomas W. Dolgenos
Chief, Federal Litigation

Helen Kane (Argued)
Assistant District Attorney

Ronald Eisenberg
Deputy District Attorney
Law Division

Arnold H. Gordon
First Assistant District Attorney

Lynne Abraham
District Attorney
1421 Arch Street
Philadelphia, PA 19102

Attorney for Appellees

William T. Lawson, III (Argued)
1420 Walnut Street, Suite 1000
Philadelphia, PA 19102

Attorney for Appellant


_____

OPINION

_____


ROTH, Circuit Judge

Kevin S. Mines appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his petition for a writ of habeas corpus on the ground that his petition was time-barred. Mines contends that he has established that the

extraordinary circumstances of his case warrant the equitable tolling of the statutory limitations period for filing a habeas petition. We conclude that Mines has not shown extraordinary circumstances sufficient to apply equitable tolling. Therefore, we will affirm the District Court's order.

I.    PROCEDURAL HISTORY

The facts are well-known to the parties and will be only briefly summarized here. Following a jury trial in Philadelphia County, Pennsylvania, Mines was convicted in 1983 of first degree murder, robbery, criminal conspiracy, and possessing an instrument of crime. Mines was sentenced to life imprisonment. He appealed to the Pennsylvania Superior Court, which affirmed the conviction and sentence. The Pennsylvania Supreme Court denied his petition for allowance of appeal.

In 1990, Mines filed a petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). The Superior Court affirmed, and the Pennsylvania Supreme Court denied review in 1994.

In July 1995, Mines filed an action under Pennsylvania's "Right To Know Act," bearing the caption and case number relating to his criminal conviction, and seeking the production of numerous documents from the Philadelphia District Attorney's Office. The petition was denied on October 25, 1995, and Mines appealed to the Pennsylvania Commonwealth Court.

While that appeal was pending, Mines filed a second PCRA petition in January

3

1996. While his petition was pending, in August 1996, the Commonwealth Court affirmed the lower court's denial of relief in Mines's "Right To Know" appeal. Mines appealed to the Pennsylvania Supreme Court. In October 1996, the PCRA court advised Mines of its intent to dismiss the PCRA petition in light of his pending Supreme Court appeal. Mines responded to the notice, explaining that the pending appeal was a civil action, separate from his criminal case, and requesting that his PCRA petition be held in abeyance pending the appeal. In the alternative, Mines requested that the dismissal of his PCRA petition be made without prejudice and with direction that the original PCRA filing date be preserved. On October 23, 1996, the PCRA court entered an order that the petition was "DISMISSED AS PREMATURE (WITHOUT PREJUDICE) due to an ongoing appeal in Supreme Court," referencing the docket number of the "Right To Know" appeal. Mines did not appeal this dismissal.

On January 30, 1997, the Pennsylvania Supreme Court denied Mines's petition for allowance of appeal from the denial of his "Right To Know" petition. The United States Supreme Court denied Mines's petition for writ of certiorari.

On June 5, 1997, Mines sought to reinstate the PCRA petition that he had filed in January 1996. The PCRA court dismissed the petition as untimely on October 21, 1997. At this time, Mines still had 38 days in which to file a federal habeas petition. However, instead of making a protective federal filing, Mines elected to appeal the state court denial of the PCRA petition. The Superior Court affirmed the denial, concluding that this third

4

PCRA petition was untimely under 42 Pa.C.S.A. § 9545(b). The Pennsylvania Supreme Court denied allowance of appeal on January 11, 2000.

On April 21, 2000, Mines filed a habeas petition under 28 U.S.C. § 2254 in District Court. The Magistrate Judge recommended that the habeas petition be dismissed as time-barred under section 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Mines filed objections to the Magistrate Judge's report and recommendation. The District Court approved and adopted the report and recommendation and dismissed the habeas petition as time-barred. Mines's motion for reconsideration was denied.

Mines timely appealed *pro se* and filed a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1). On February 6, 2003 a motions panel of this Court granted the certificate on the question whether Mines has shown "extraordinary circumstances" under Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998). Counsel was appointed to represent Mines on appeal.

Because this is an appeal from a final order dismissing Mines's habeas petition, we have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. We exercise plenary review over the District Court's determination regarding the statute of limitations issue. Merritt v. Blaine, 326 F.3d 157, 161 (2003).

II.    DISCUSSION

AEDPA's section 2244(d)(1) imposes a one-year statute of limitations for filing

federal habeas petitions. Because Mines's conviction became final well before the effective date of AEDPA, he had a one-year grace period from AEDPA's effective date, April 24, 1996, in which to file a timely section 2254 petition. See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998). However, a "properly filed" PCRA petition tolls the limitations period while it is pending in state court. See 28 U.S.C. § 2244(d)(2). In this case, Mines's January 1996 PCRA petition was dismissed on October 30, 1996; the limitations period was tolled until November 29, 1996, when the time for appealing the PCRA court's dismissal expired. Mines then had one year from that date to file a federal habeas petition. Mines's third PCRA petition, filed in June 1997 and dismissed by the state courts as untimely under state law, is not a "properly filed" PCRA petition that tolled the limitations period. Merritt, 326 F.3d at 165-66.

Mines's federal habeas petition, filed in April 2000, thus was filed several years too late. However, because AEDPA's one-year statute of limitations is not a jurisdictional rule, Mines may avoid dismissal of his habeas petition as untimely if he can establish "extraordinary circumstances" to warrant equitable tolling of the limitations period. Equitable tolling is available only when the rigid application of the limitations period would be unfair. Miller, 145 F.3d at 618. Typically, such unfairness occurs "when a petitioner has in some extraordinary way been prevented from asserting" his rights. Id. A petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing" his claims. Id.

6

Mines attempts to show extraordinary circumstances arising from the state courts' errors in handing and in disposing of his various petitions. Essentially, he argues that the state courts gave him the "run around," stemming in part from the state court's failure to open a new civil case number for his "Right To Know" action. Because the matter was instead reviewed in conjunction with his criminal case, he argues that the dismissal of his January 1996 PCRA petition as "premature" was erroneous. In addition, Mines maintains that the dismissal of his January 1996 PCRA petition "without prejudice" clearly indicated that the state courts contemplated further PCRA proceedings after his "Right To Know" action concluded, and he was entitled to rely on the presumption that his January 1996 PCRA petition would be reinstated. Mines asserts that the state courts' errors compounded when they treated his petition to reinstate the PCRA petition as a new, untimely third PCRA petition and dismissed it. Thus, Mines contends that the circumstances dictate that equitable tolling be applied in his case through the conclusion of the proceedings on his third PCRA petition, rendering his federal habeas petition timely filed under AEDPA.

As the Commonwealth points out, it does not appear that Mines's situation is entirely of the state courts' making. Although Mines argues that the series of missteps in state court began with the failure to docket his "Right To Know" action as a separate civil case, Mines himself submitted his action bearing the caption and case number of his criminal matter. Also, Mines faults the improper dismissal of his January 1996 petition,

7

yet he did not appeal that dismissal and instead pursued his "Right To Know" action to its conclusion. In the absence of a state court order holding the second PCRA petition in abeyance pending the "Right To Know" appeal, or otherwise preserving the filing date of the second PCRA petition, we do not agree that Mines was entitled to rely on his assumption that a third PCRA petition would be entertained in state court merely because his 1996 PCRA petition had been dismissed without prejudice. See Hull v. Kyler, 190 F.3d 88, 103-04 (3d Cir. 1999) ("[t]ypically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed.") See also Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999) (rejecting proposition that the filing date of a third habeas petition should have "related back" to the filing date of an earlier petition dismissed without prejudice). Moreover, Mines's complaints regarding the state courts' actions in disposing of his January 1996 PCRA petition in no way explain why he chose to pursue his "Right To Know" matter on appeal and to appeal the dismissal of his third PCRA petition as untimely, rather than to file a timely federal habeas petition.

III.    CONCLUSION

We conclude that Mines has not shown extraordinary circumstances warranting the equitable tolling of AEDPA's limitations period. Therefore, we will affirm the District Court's order dismissing Mines's habeas petition.

8