J-S74045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN S. MINES | |
| Appellant | No. 399 EDA 2016 |

Appeal from the PCRA Order January 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0330991-1983

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 03, 2016**

Kevin S. Mines appeals *pro se* from the order entered January 14, 2016, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts:

In the early morning hours of February 6, 1983, [A]ppellant entered a scheme to commit a robbery with Gregory Lowe and Joseph Roberts.  In pursuance of this scheme, the three co-conspirators proceeded to Tinker's Café on Maplewood Avenue in Philadelphia.  The three were denied admittance to the bar because a private party was being held inside.  While outside the bar, the three men observed Samuel Dash about to enter the bar.  Lowe grabbed Dash and pushed him against a wall. Appellant Mines began to draw a knife but was shot in the abdomen by Dash, who was an insurance adjuster and was licensed to carry a gun.  Lowe thereupon stepped behind Dash

_____

[*] Former Justice specially assigned to the Superior Court.

and shot him in the head, causing death. Lowe, Roberts, and Mines then fled. When later questioned by police about his being shot, [A]ppellant made a statement in which he claimed that he had been shot from a passing car while standing on the corner of 17th Street and Erie Avenue. At [A]ppellant's trial, Roberts a co-conspirator, was given immunity from prosecution and implicated [A]ppellant in the shooting of Dash. Ballistic evidence was introduced which established that the bullet removed from [A]ppellant had been fired from Dash's gun. A bouncer and the manager also testified that [A]ppellant had been present at Tinker's Café near the time of the shooting. Appellant's statement to police about how he had been shot was also introduced into evidence by the Commonwealth through the testimony of a detective.

*Commonwealth v. Mines*, 560 A.2d 828, at *2-3 (Pa. Super. 1989) (unpublished memorandum).

In December 1983, at the conclusion of the jury trial Appellant was found guilty of first-degree murder, criminal conspiracy, robbery, and possession of an instrument of crime. Appellant was sentenced to life imprisonment for first-degree murder, and to concurrent terms of two to four years for conspiracy, three to six years for robbery, and one to two years for possession of an instrument of crime.[1] This Court affirmed the judgment of sentence on direct appeal. *Id*.

In March 1990, Appellant filed his first PCRA petition,[2] which was dismissed. This Court affirmed the dismissal, and the Supreme Court of

---

[1] Respectively, 18 PA.C.S. §§ 2502, 903, 3701, 907

[2] This first petition was filed under the Post-Conviction Hearing Act, which was later amended and renamed the Post-Conviction Relief Act.

Pennsylvania denied Appellant's petition for allowance of appeal. ***Commonwealth v. Mines***, 640 A.2d 743 (Pa. Super. 1994) (unpublished memorandum), *appeal denied*, 646 A.2d 1177 (Pa. 1994). In 1995, Appellant filed a Right to Know Petition.[3] In January 1996, while the Right to Know Act Petition was pending, Appellant filed his second PCRA petition. This PCRA petition was dismissed in October 1996, because Appellant's Right to Know Act petition was pending on appeal before our Supreme Court.[4]

In June 1997, Appellant filed his third PCRA petition. This Court affirmed the decision, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. ***Commonwealth v. Mines***, 742 A.2d 1148 (Pa. Super. 1999) (unpublished memorandum),[5] *appeal denied*, 749 A.2d 468 (Pa. 2000).

In April 2000, Appellant filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court. The District Court dismissed the habeas petition as time-barred. In March 2004, the Third Circuit Court of Appeals affirmed the district court's order dismissing the

---

[3] 65 P.S. §§ 66.1-66.4 (repealed 2008).

[4] The Right to Know Act petition was denied and appeal concluded on April 21, 1997, when the United States Supreme Court denied *certiorari.* ***Commonwealth v. Mines***, 680 A.2d 1227 (Pa. Cmwlth. 1996), *appeal denied*, 690 A.2d 238 (1997), *cert. denied*, ***Mines v. Pennsylvania***, 520 U.S. 1190 (1997).

[5] In September 1999, Appellant's petition for reargument was denied.

habeas petition. **Mines v. Vaughn**, 96 F. App'x 802 (3d Cir. 2004). In May 2004, Appellant filed his fourth PCRA petition, which was dismissed as untimely. This Court affirmed the dismissal. **Commonwealth v. Mines**, 903 A.2d 48 (Pa. Super. 2006) (unpublished memorandum).

Appellant filed his fifth PCRA in September 2009, which was dismissed by the PCRA court in April 2010. In May 2011, Appellant filed his sixth PCRA, which he discontinued in January 2012.

Appellant filed the instant PCRA petition, his seventh, in May 2012. In November 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. In January 2016, the PCRA court dismissed Appellant's petition, and Appellant filed the instant appeal.[6]

Appellant raises the following issue:

> [Whether] the Post Conviction Relief Act court err in summarily dismissing the pro se PCRA petition without an evidentiary hearing on Appellant's claim under Lafler v. Cooper __U.S.__, 132 S. Ct. 1376, 182 L.Ed. 2nd 398 (US 2012); and Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399, 182 L.Ed 2d 379 (US 2012)[.]

Appellant's Brief at 4.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual

---

[6] The PCRA court did not direct Appellant to file a 1925(b) statement.

findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant asserts the PCRA court erred in denying his petition without a hearing. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal:

> A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Id*.

Appellant presented a legal argument solely based on his assertion that he is entitled to relief due to a newly-recognized constitutional right. Thus, as Appellant raised no issues of material fact, the PCRA court did not err when it denied Appellant's petition without an evidentiary hearing. *Id.*

We must next address the PCRA timeliness requirements. The timeliness of Appellant's petition implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-724 (Pa. 2003). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. *Id.* Appellant filed a direct appeal, which was resolved on March 23, 1989, thus his judgment of

sentence became final on April 24, 1989, as he did not petition the Pennsylvania Supreme Court for allowance of appeal. *See* 42 Pa.C.S.§ 9543(b)(3); Pa. R.A.P. § 1113(a).

The instant petition was filed in May 2012, almost thirty years after the judgment of sentence became final. Thus, Appellant's petition is patently untimely, and for this Court to have jurisdiction to review the merits of Appellant's claims he must prove the applicability of one of the exceptions to the timeliness requirement.

There are three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). To invoke one of these exceptions, the petitioner must plead it and satisfy the burden of proof. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). In addition, a petition seeking relief pursuant to a statutory exception must adhere to the additional requirement

of filing the claim within 60 days of the date the claim could have been first presented. 42 Pa.C.S. § 9545(b)(2).

Appellant asserts that his petition meets the timeliness exception found in 42 Pa.C.S. § 9545(b)(1)(iii). According to Appellant, two recent cases, **Lafler v. Cooper**, 132 S. Ct. 1376, (2012),[7] and **Missouri v. Frye**, 132 S. Ct. 1399 (2012),[8] granted him a new constitutional right. Appellant is incorrect. This Court has stated previously that neither **Frye** nor **Lafler** created a new constitutional right and, as such, do not provide Appellant with an exception to the timeliness requirements of the PCRA. **Commonwealth v. Feliciano**, 69 A.3d 1270, 1277 (Pa. Super. 2013) (recognizing that these cases merely applied the Sixth Amendment right to counsel in the plea-bargaining context); **Commonwealth v. Hernandez**, 79 A.3d 649, 654 (Pa. Super 2013) (same).

Accordingly, there is no basis for a time-bar exception under §9545(b)(1)(iii), and we have no jurisdiction to entertain Appellant's

---

[7] In **Lafler**, the Supreme Court of the United States held that a defendant must receive post-conviction relief "when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less than favorable outcome" **Lafler**, 132 S. Ct. at 1382-85.

[8] In **Frye**, the Supreme Court of the United States held that "defense counsel has the duty to communicate formal offers from the prosecution and to accept a plea on terms and conditions that may be favorable to the accused." **Frye**, 132 S. Ct. at 1408.

underlying claim. The trial court properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/3/2016