J-S36038-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN S. MINES, | : | |
| | : | |
| Appellant | : | No. 465 EDA 2021 |

Appeal from the PCRA Order Entered February 3, 2021
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0330991-1983

BEFORE: LAZARUS, J., KING, J., AND COLINS, J.*:

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 7, 2021**

Appellant, Kevin S. Mines, appeals *pro se* from the order entered February 3, 2021, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  We affirm.

A prior panel of this Court recited the factual and procedural background of this case as follows:

> In the early morning hours of February 6, 1983, Appellant entered a scheme to commit a robbery with Gregory Lowe and Joseph Roberts. In pursuance of this scheme, the three co-conspirators proceeded to Tinker's Cafe on Maplewood Avenue in Philadelphia. The three were denied admittance to the bar because a private party was being held inside. While outside the bar, the three men observed Samuel Dash about to enter the bar. Lowe grabbed Dash and pushed him against a wall. Appellant Mines began to draw a knife but was shot in the abdomen by Dash, who was an insurance adjuster and was licensed to carry a gun. Lowe thereupon stepped behind Dash and shot him in the head, causing death. Lowe, Roberts, and Mines

_____

*Retired Senior Judge assigned to the Superior Court.

then fled. When later questioned by police about his being shot, Appellant made a statement in which he claimed that he had been shot from a passing car while standing on the corner of 17th Street and Erie Avenue. At Appellant's trial, Roberts[,] a co-conspirator, was given immunity from prosecution and implicated Appellant in the shooting of Dash. Ballistic evidence was introduced which established that the bullet removed from Appellant had been fired from Dash's gun. A bouncer and the manager also testified that Appellant had been present at Tinker's Cafe near the time of the shooting. Appellant's statement to police about how he had been shot was also introduced into evidence by the Commonwealth through the testimony of a detective.

*Commonwealth v. Mines*, 560 A.2d 828, at *2–3 (Pa. Super. 1989) (unpublished memorandum).

In December 1983, at the conclusion of the jury trial Appellant was found guilty of first-degree murder, criminal conspiracy, robbery, and possession of an instrument of crime. Appellant was sentenced to life imprisonment for first-degree murder, and to concurrent terms of two to four years for conspiracy, three to six years for robbery, and one to two years for possession of an instrument of crime.[1] This Court affirmed the judgment of sentence on direct appeal. *Id*.

_____

[1] Respectively, 18 PA.C.S. §§ 2502, 903, 3701, 907.

In March 1990, Appellant filed his first PCRA petition,[2] which was dismissed. This Court affirmed the dismissal, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. *Commonwealth v. Mines*, 640 A.2d [473] (Pa. Super. 1994) (unpublished memorandum), *appeal denied*, 646 A.2d 1177 (Pa. 1994). In 1995, Appellant filed a Right to Know Petition.[3] In January 1996, while the Right to Know Act Petition was pending, Appellant filed his second PCRA petition. This PCRA petition was dismissed in October 1996, because Appellant's Right to Know Act petition was pending on appeal before our Supreme Court.[4]

_____

> [2] This first petition was filed under the Post-Conviction Hearing Act, which was later amended and renamed the Post–Conviction Relief Act.
>
> _____
>
> [3] 65 P.S. §§ 66.1–66.4 (repealed 2008).
>
> _____
>
> [4] The Right to Know Act petition was denied and appeal concluded on April 21, 1997, when the United States Supreme Court denied *certiorari.* **Commonwealth v. Mines**, 680 A.2d 1227 (Pa. Cmwlth. 1996), *appeal denied*, 690 A.2d 238 (1997), *cert. denied*, **Mines v. Pennsylvania**, 520 U.S. 1190 (1997).

> In June 1997, Appellant filed his third PCRA petition. This Court affirmed the decision, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. **Commonwealth v. Mines**, 742 A.2d 1148 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 468 (Pa. 2000).

> In April 2000, Appellant filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in the United States District Court. The District Court dismissed the habeas petition as time-barred. In March 2004, the Third Circuit Court of Appeals affirmed the district court's order dismissing the habeas petition. **Mines v. Vaughn**, 96 Fed.Appx. 802 (3d Cir. 2004). In May 2004, Appellant filed his fourth PCRA petition, which was dismissed as untimely. This Court affirmed the dismissal. **Commonwealth v. Mines**, 903 A.2d 48 (Pa. Super. 2006) (unpublished memorandum).

> Appellant filed his fifth PCRA in September 2009, which was dismissed by the PCRA court in April 2010. In May 2011, Appellant filed his sixth PCRA, which he discontinued in January 2012.

**Commonwealth v. Mines**, 159 A.3d 577, 399 EDA 2016, 2016 WL 6519103, at *1–2 (Pa. Super. Nov. 3, 2016) (unpublished memorandum) (some footnotes omitted).  Appellant filed a PCRA petition, his seventh, in May 2012.

**Id.**  In January 2016, the PCRA court dismissed Appellant's petition.  This

Court affirmed and our Supreme Court denied Appellant's petition for allowance of appeal on May 23, 2017. *Id.*, *appeal denied*, 169 A.3d 539 (Pa. 2017).

On May 2, 2018, Appellant filed the instant *pro se* serial PCRA petition, his eighth. Claiming that the petition fell within the exceptions to the PCRA's time-bar, Appellant averred erroneous dismissal of his January 1996 PCRA petition; due process violations due to erroneous jury instructions and lack of "meaningful state and federal court review"; and a bald claim of ineffective assistance of all prior counsel. PCRA Petition, 5/2/2018, at 3-4, 8.

Appellant subsequently filed *pro se* amended PCRA petitions on July 13, 2018, and August 13, 2018, invoking the newly-recognized, retroactively-applicable constitutional right exception, citing *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). Amended Petition, 7/13/2018, at 2; Second Amended Petition, 8/13/2018, at 2-4.[1, 2]

---

[1] Appellant did not obtain leave of court to amend his PCRA petition.

[2] On December 6, 2018, Appellant filed *pro se* a petition for writ of habeas corpus *ad testificandum*, which the court docketed as a PCRA petition, seeking his release from prison to testify at a purported PCRA hearing. Subsequently, Appellant filed *pro se* various petitions relating to his request for a PCRA hearing, which the court docketed as *pro se* correspondence or miscellaneous motions.

On October 20, 2020, pursuant to Pa.R.Crim.P. 907, the PCRA court filed notice of its intent to dismiss the petition.[3]  On November 9, 2020, Appellant sought a 30-day extension of time to file a response, and again moved for another extension on December 23, 2020.  The court did not rule upon the motions and Appellant did not file a response.  The PCRA court dismissed the petition as untimely filed on February 3, 2021, and Appellant timely filed this appeal.  The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) and none was filed.  The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following issue for our review:

1. Whether the PCRA court abused its discretion in denying Appellant's *pro se* PCRA petition filed May 2, 2018, in violation of the due process and equal protection of both state and federal constitution?

Appellant's Brief at 4 (suggested answer omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error."  ***Commonwealth v. Whitehawk***, 146 A.3d 266, 269 (Pa. Super. 2016).

---

[3] The record does not indicate a reason for the two-year delay. We note that "the PCRA court does have the ability and responsibility to manage its docket and caseload and thus has an essential role in ensuring the timely resolution of PCRA matters." ***Commonwealth v. Renchenski***, 52 A.3d 251, 260 (Pa. 2012).

We begin by determining whether Appellant's PCRA petition was timely filed as this implicates our jurisdiction. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa. Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days[4] of the date on which it became available. 42 Pa.C.S. § 9545(b). A PCRA petition may be filed beyond the one-year time period only if the petitioner pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[4] Effective December 24, 2018, the legislature amended subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S. § 9545(b)(2) (effective December 24, 2018). The amendment to subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." **See id.**, cmt.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

On appeal, Appellant argues his petition falls within the first two exceptions to the PCRA's time-bar: governmental interference and newly-discovered fact, found at subsections 9545(b)(1)(i)-(ii). Appellant's Brief at 21.[5] The crux of Appellant's argument is his allegation that his 1996 PCRA petition was timely filed and the court erred when it dismissed it without prejudice as prematurely filed. Appellant's Brief at 8-10, 18, 18a, 19.

By way of background, and as noted above, Appellant filed a petition under the former Right to Know Act in 1995. The Right to Know Act petition was assigned the same number and term as his prior criminal proceedings. *Mines*, 903 A.2d 48 (Pa. Super. 2006) (unpublished memorandum at 2). The Right to Know Act petition involved "the trial court's denial of [Appellant's] motion for production of crucial documents." *Mines*, 742 A.2d 1148 (Pa. Super. 1999) (unpublished memorandum at 3). While the Right to Know Act petition was pending, Appellant filed the 1996 PCRA petition. The PCRA court dismissed as premature and without prejudice the 1996 PCRA petition due to the pending appeal of the Right to Know Act petition. *See* PCRA Petition, 5/2/2018, at Exh. A (Order, 10/30/1996) (stating the 1996 PCRA petition was "premature due to an ongoing appeal in the Supreme Court; Allocatur No.

---

[5] Appellant does not argue on appeal that his petition falls within the newly-recognized, retroactively-applicable constitutional right exception, 42 Pa.C.S. § 9545(b)(1)(iii).

0701 E.D. 1995"). Appellant did not appeal the dismissal of his 1996 PCRA petition.

After the Right to Know petition appeal concluded, Appellant filed a subsequent PCRA petition in June 1997, seeking to reinstate his 1996 PCRA petition. As noted, the PCRA court dismissed the 1997 PCRA petition as untimely, and this Court affirmed.

Instantly, Appellant now argues on appeal that the dismissal of the 1996 PCRA petition as premature was in error because no prior PCRA petition was pending, but rather it was the unrelated, civil Right to Know petition that was pending. Appellant's Brief at 8-10, 18, 18a, 19. Appellant maintains that his 1996 PCRA petition was timely filed, but because he had to wait until his Right to Know petition concluded to file the PCRA petition, his later-filed 1997 PCRA petition was no longer timely, which resulted in the loss of his collateral appeal rights. *Id.* According to Appellant, "the timeliness of this second [1996] PCRA petition has never been challenged and is therefore conceded." *Id.* at 9. He seeks reinstatement of his 1996 PCRA petition, or alternatively, an evidentiary hearing to determine the timeliness of the 1996 PCRA petition. *Id.* at 18.

With respect to the governmental interference exception, Appellant argues that the order dismissing his 1996 PCRA petition was an improper court order, and thus constitutes governmental interference. Appellant's Brief at 24-25. In analyzing this claim, the PCRA court stated the following:

> At the outset, the Pennsylvania Supreme Court has held that a proper court order does not constitute governmental

interference. See **Commonwealth v. Howard**, 788 A.2d 351, 354 (Pa. 2002). Furthermore, [Appellant] failed to demonstrate that he raised this claim within the time period mandated by 42 [Pa.C.S.] § 9545(b)(2). The appropriate avenue to have challenged the order dismissing [Appellant's] prior petition was an appeal to the Superior Court. Thus, [Appellant's] attempt to belatedly challenge the dismissal of his 1996 petition by characterizing it as governmental interference was unavailing.

PCRA Court Opinion, 2/3/21, at 1.

We discern no error in the PCRA court's conclusions.[6]

Regarding the newly-discovered-fact exception, Appellant claims that the new "fact" under subsection 9545(b)(1)(ii) was this Court's decision in **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018).[7]

---

[6] Moreover, as both Appellant and the Commonwealth point out in their briefs, Appellant's 2004 PCRA petition made substantially the same allegations, to no avail, that are in the instant PCRA petition, *i.e.*, that the dismissal of the 1996 PCRA petition was in error. **Mines**, 903 A.2d 48 (Pa. Super. 2006) (unpublished memorandum at 2-6) (dismissing 2004 PCRA petition as untimely filed and holding that Mines had until March 13, 2000 to file a PCRA petition raising the claim of erroneous dismissal of his 1996 PCRA petition); *see also* Appellant's Brief at 12; Commonwealth's Brief at 5.

We also note that, even if the court's order could form the proper basis of the governmental interference exception, Appellant's judgment of sentence became final in 1989, and thus, despite Appellant's assertion otherwise, his 1996 PCRA petition was facially untimely. **Mines**, 742 A.2d 1148 (Pa. Super. 1999) (unpublished memorandum at 6).

[7] The **Montgomery** Court reaffirmed the rule that, from the time a PCRA order is appealed until no further review of the order is possible, consideration of a subsequent PCRA petition is precluded. 181 A.3d at 363. However, a PCRA court is not precluded from addressing multiple PCRA petitions at the same time, provided no notice of appeal has been filed. **Id.** at 364-65 ("Nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review.")

Appellant's Brief at 25. Such claim is without merit. ***Commonwealth v. Reid***, 235 A.3d 1124, 1147 (Pa. 2020) ("As we have related quite a few times, subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii) of the PCRA.") (citation and some quotation marks omitted; bracket in original).

As Appellant's petition does not meet any of the PCRA timeliness exceptions, the PCRA court was without jurisdiction to reach the merits of the petition. Thus, Appellant's petition was properly dismissed as untimely filed, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021