NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1822
_____

WILLIAM SEVERS,
Appellant

v.

THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY;
ADMINISTRATOR NEW JERSEY STATE PRISON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-15-cv-06421)
District Judge:  Honorable Noel L. Hillman
_____

Submitted under Third Circuit LAR 34.1(a)
October 29, 2019

Before:  SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*

(Filed: November 5, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

William Severs appeals an order of the District Court dismissing his untimely petition for writ of habeas corpus under 28 U.S.C. § 2254. We agree with the District Court that Severs had no right to equitable tolling, so we will affirm.

I[1]

On September 2, 2005, a New Jersey state court jury convicted Severs of murder and other serious crimes and he was sentenced to 60 years in state prison. After exhausting his direct appeal rights, Severs petitioned for post-conviction relief. The court denied his petition at a post-conviction hearing on September 22, 2011. About two weeks later, on October 4, 2011, the court filed a written opinion explaining the reasons for the denial.

Severs stated his desire to appeal at the September 22 hearing and several other times. He informed the Office of the Public Defender of his desire to appeal by letters dated September 26 and October 3, 2011. And on October 20, 2011, Severs again informed his counsel that he wished to appeal, and complained that as of that date, counsel had communicated nothing further to him about filing it. Severs did not file his post-conviction appeal until October 15, 2012.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and we review de novo the District Court's determination that equitable tolling did not apply. *See Munchinski v. Wilson*, 694 F.3d 308, 329 (3d Cir. 2012).

2

Severs blames his former counsel and the Office of Public Defender for the one-year delay in filing the appeal from the denial of his petition for post-conviction relief. In support, Severs filed a document entitled "Certification," a letter by his post-conviction counsel stating that Severs asked counsel to appeal the denial of his petition. The letter states that because counsel was in a severe car accident, he could not timely file Severs's post-conviction appeal. Yet the letter provides no specific facts about counsel's inability to file an appeal. Nor is there evidence in the record to show that Severs followed up with his counsel after his October 20, 2011 letter complaining about the lack of information regarding the filing of his post-conviction appeal. Although the "Certification" letter states that counsel returned his client's files in February 2012, the record does not demonstrate that Severs contacted the Office of the Public Defender anytime afterwards before that office finally filed a notice of appeal in October 2012. And following the New Jersey Supreme Court's denial of review of his appeal, Severs again waited nearly one year before seeking federal habeas relief, and fails to explain this second delay.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitations period for § 2254 claims. There is no dispute that Severs's petition was untimely as he concedes he had until October 27, 2014 to file his petition but failed to do so until August 21, 2015. The District Court accordingly dismissed Severs's § 2254 petition, finding that Severs had not shown sufficient evidence to justify equitable tolling. We agree.

AEDPA's one-year limitations period may be equitably tolled only in extraordinary cases. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). Here, Severs had to establish: (1) he pursued his rights diligently, and (2) extraordinary circumstances prevented a timely petition. *Id.* at 649.

First, Severs failed to show he pursued his rights with reasonable diligence. *See id.* at 653; *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (diligence requirement extends to the federal habeas petition and all state court remedies). For some time, Severs acted with reasonable diligence. The District Court observed that Severs appealed his conviction, pursued post-conviction relief, and informed both his attorney and the Office of the Public Defender of his intent to appeal the denial of his petition for post-conviction relief. But he provided no evidence of any further attempt to file his appeal within the limitations period or for a substantial period thereafter even though he expressed concern that his appeal had not been filed as of October 20, 2011. When the New Jersey Appellate Division affirmed the denial of his petition for post-conviction relief, Severs still had 35 days to file a timely federal habeas petition. Yet he waited 298 days beyond the limitations period to do so. Thus, the District Court did not err when it held that Severs did not show he pursued his rights with reasonable diligence.

Second, Severs failed to establish that extraordinary circumstances prevented him from timely appealing the denial of his petition for post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). Equitable tolling

typically applies "when the petitioner has in some extraordinary way . . . been *prevented* from asserting his or her rights." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (emphasis added) (citation and internal quotation marks omitted). Although Severs provided the letter from his counsel about a car accident, the letter says nothing about when the car accident occurred or to what extent or for how long the accident incapacitated counsel. To the extent that the Office of the Public Defender eventually acquired responsibility for Severs' post-conviction appeal, its contribution to the filing delay was evidently due to a backlog in its case management. App. 87. Assuming that is true, this "garden variety" delay was nothing more than "excusable neglect," which is hardly extraordinary. *Holland*, 560 U.S. at 651-52 (citation and internal quotation marks omitted). So the District Court did not err in determining Severs failed to show he was prevented in an extraordinary way from asserting his rights.

In sum, because Severs has established neither reasonable diligence nor extraordinary circumstances sufficient to justify equitable tolling, we will affirm the District Court's order holding his habeas petition untimely.